[Civ. Nos. 14053, 14062. Second Dist., Div. Two. Oct. 4, 1943.]

MARYA CERANSKI et al., Appellants, v. HARRY MUENSCH et al., Respondents.

John C. Miles and David, Grua, Sanborn & Lindley for Appellants.

James V. Brewer for Respondents.

WOOD (W. J.), J.—Plaintiffs commenced this action to recover damages for injuries which they suffered when an automobile driven by plaintiff Edmond Sobanski collided with an automobile which was owned by two of the defendants. Plaintiffs have appealed from a judgment entered after the jury had been instructed to return a verdict for defendants. There is also an appeal from an order denying plaintiffs' motion to tax costs.

The accident in question occurred on January 28, 1941. In their complaint plaintiffs alleged that defendant Harry Muensch negligently drove the car that collided with the car in which plaintiffs were riding; that Harry Muensch was a minor and that defendants Arnold G. and Bertha Muensch, parents of Harry Muensch, became responsible for the damages occasioned by the accident because they had procured the driver's license for Harry Muensch; that defendants were the owners of the automobile involved in the collision. At the trial it was definitely established that the car was driven by one David Henderson and not by Harry Muensch; that Harry Muensch was not a minor at the time of the accident; and that the car was owned by Harry Muensch and Bertha Muensch. At the close of plaintiffs' evidence the trial court granted a motion for a nonsuit as to Arnold G. Muensch and when both sides completed their evidence the court directed the jury to return a verdict in favor of the other two defendants.

It was established that David Henderson was available for personal service of process, but he was not made a party defendant as required by section 402(c) of the Vehicle Code in cases where liability is predicated upon imputed negligence. ▪ Plaintiffs do not now claim that they are entitled to recover under the imputed negligence section of the Vehicle Code but they do contend that an inference of agency arose from the fact that Henderson was using the car with the owners' consent and that the issue of agency should have been submitted to the jury. A number of authorities support the contention that an inference of agency may be drawn from proof of permissive use of an automobile. (See *Montanya* v. *Brown*, 31 Cal.App.2d 642 [88 P.2d 745], where the authorities are listed and reviewed.) But since the decision in *Engstrom* v. *Auburn Auto. Sales Corp.*, 11 Cal.2d 64 [77 P.2d 1059], it is thoroughly established in this state that the inference of agency is dispelled as a matter of law when it is rebutted by clear, positive and uncontradicted evidence which is not open to doubt, even though such evidence is produced by the opposing party. This rule has been approved in a number of later decisions, notably *Blank* v. *Coffin*, 20 Cal.2d 457 [126 P.2d 868]; *Hicks* v. *Reis*, 21 Cal. 2d 654, 661 [134 P.2d 788]; and *Montanya* v. *Brown, supra.*

The uncontradicted evidence in the present action brings

the case squarely within the rule enumerated in the *Engstrom* case. It was established that Henderson was not employed by defendants but was in fact employed by another party and had borrowed the car for the purpose of going to his place of employment. The court did not err in directing the verdict for defendants.

On their appeal from the order denying the motion to tax costs plaintiffs contend that the court erred in not striking out the entire cost bill of defendants. Their motion in the trial court was made "on the ground that said items of cost were paid by the Hartford Insurance Company and that there was a valid contract of insurance between said company and the defendants in which said defendants so insured were not obligated for said costs." To support their position they filed an affidavit by their attorney in which he states on information and belief that the costs and expenses of the defense of the action were, according to contract, to be paid by the insurance company. Without refuting the statements contained in the affidavit, defendants point to a condition in the insurance policy in which it is provided that "in the event of any payment under this policy the Company shall be subrogated to all the insured's rights to recover therefor. . . ." It is provided in section 1032 of the Code of Civil Procedure that costs are allowed of course to a defendant upon a judgment in his favor in an action for the recovery of money or damages. In section 1033 of the Code of Civil Procedure it is provided that costs must be claimed by the filing of a memorandum "of the items of his costs and necessary disbursements in the action . . . which memorandum must be verified by the oath . . . stating . . . that the disbursements have been necessarily incurred in the action. . . ." The code sections contain no requirement that a party claiming costs must have personally incurred the obligations enumerated in the memorandum. The prevailing party may file a memorandum covering his items of costs even though disbursements for such items have not been made. (*Ray* v. *Clark,* 57 Cal.App. 467, 469 [207 P. 501].) Defendants incurred legal liability to pay the costs of litigation even though some other party may have agreed to reimburse them or to pay all the expenses of the litigation. It must be taken for granted that defendants expended a sum of money to procure the insurance policy by which the insurance carrier agreed

to pay the costs of the defense of an action brought against them for damages. The fact that defendants thus procured the means of defending themselves in actions of this character does not furnish an avenue for plaintiffs to escape the obligation which they incurred when they unsuccessfully attempted to collect damages from defendants by an action at law.

Plaintiffs make express objection to items in the memorandum of costs in which claims are made for expenses incurred in serving subpoenas on plaintiffs calling for their appearances to have their depositions taken, and for the per diem fees of the reporter on occasions when plaintiffs did not appear according to the commands of the subpoenas. Contradictory affidavits were filed covering the circumstances surrounding the taking of the depositions. From the affidavit filed by defendants, which it must be assumed the trial court accepted as true, it appears that defendants failed in their effort to take the depositions by stipulation; and that although subpoenas were served on plaintiffs, they did not appear as commanded. A prevailing party is entitled to the reasonable cost of taking depositions unless it appears that the taking of the depositions was unnecessary. (Sec. 1032a of the Code of Civil Procedure.) We find no abuse of discretion on the part of the court in disallowing the objections made by plaintiffs to the items in question.

The judgment and the order appealed from are affirmed.

Moore, P. J., and McComb, J., concurred.