[Civ. No. 7086. Fifth Dist. Sept. 13, 1983.]

COUNTY OF KERN, Plaintiff and Appellant, v.
PEGGY LORAIN GINN, as Executor, etc., Defendant and Respondent.

COUNSEL

Ralph B. Jordan, County Counsel, and John R. Irby, Deputy County Counsel for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

HAMLIN, J.—On March 17, 1977, the County of Kern (the county) commenced an action against defendant Marie Aud to recover the unpaid portion of a bill incurred at Kern Medical Center for services provided to defendant's husband, Virgil Aud.[1] After a court trial, judgment was entered in favor of the county for $3,701.47 plus $241.35 in costs. The county appeals from the order taxing costs and from the judgment which excluded such cost items. The cost items in dispute are witness fees and mileage for all the witnesses who appeared at trial, the costs of taking the depositions of defendant and Peggy Ginn, and attorneys' fees of $600.

THE FACTS

Defendant's husband died at Kern Medical Center on October 9, 1975. He had received treatment over a period of seven months prior to his death. The bill for these services remained unpaid to the extent of $3,701.47. The county brought suit against defendant for the unpaid balance under Civil Code section 245, a part of the Uniform Civil Liability for Support Act.[2]

---

[1]During the pendency of this appeal, defendant Marie Aud died, and Peggy Lorain Ginn, as executrix of the will of Marie Aud, was substituted in her place by order of the Superior Court of Kern County entered on May 20, 1982, and by order of this court on June 24, 1982.

[2]Civil Code section 241 et seq.

Defendant contended that certain services and supplies for which she had been billed had not in fact been provided to her deceased husband.

On November 20, 1979, the county filed a motion for an order specifying issues without substantial controversy. In connection with this motion, the trial court ordered defendant to file her own deposition, along with the depositions of her daughter, Peggy Ginn, and her son-in-law, Carl Ginn.

When the case was tried, the county called 10 witnesses, 8 of whom were county employees at Kern Medical Center. The depositions of defendant, Peggy Ginn, and Carl Ginn were not used at trial, although all three testified for defendant. Following the court's oral statement of its intended decision, the county filed a memorandum of costs, claiming among other items witness fees and mileage for all witnesses who appeared at trial, deposition costs, and attorneys' fees of $600. Defendant filed a motion to tax costs. After the hearing on that motion, the trial court taxed the witness fees and mileage for all county employees, the costs of the depositions of defendant and Peggy Ginn, and attorneys' fees. The county requested findings of fact and conclusions of law with respect to the court's disallowance of the witness fees; the court declined to render findings.

DISCUSSION

I. *Witness fees and mileage.*

■ Preliminarily we note that the trial court was not required to make findings of fact and conclusions of law on the motion to tax costs. (See *State of California* v. *Westover Co.* (1956) 140 Cal.App.2d 447 [295 P.2d 96]; cf. *Mandel* v. *Lackner* (1979) 92 Cal.App.3d 747 [155 Cal.Rptr. 269].) The requested findings concern solely the issue of witness fees and mileage, items of costs which are subject to a statutory limit (fees) or easy mathematical computation (mileage).

The right to statutory fees and reimbursement for mileage expenses for witnesses is derived from Government Code section 68093 which provided in pertinent part at the time of the instant case, "Except as otherwise provided by law, witness' fees for each day's actual attendance, when legally required to attend upon the superior, municipal, and justice courts are twelve dollars ($12) a day and mileage actually traveled, one way only, twenty cents ($0.20) a mile. . . . The court may disallow any fees to a witness unnecessarily subpoenaed."

We are not concerned in this case with whether the witnesses for whom statutory fees or statutory mileage reimbursement is claimed were unneces-

sarily subpoenaed. Defendant has at no time alleged that any of the witnesses were unnecessary. Thus the trial court in the instant case had no discretion to disallow witness fees and mileage unless the county had *incurred no liability* for the payment of the fees.

In *Wilson* v. *Board of Retirement* (1959) 176 Cal.App.2d 320 [1 Cal.Rptr. 373] the court considered some of the unusual problems of determining when a county has actually incurred costs pertaining to litigation. Specifically, the court was concerned with the cost of certain copying work which was performed by employees of the defendant county. The plaintiff appealed from an order denying his motion to strike the cost of such copying as an allowable item of recoverable cost. Plaintiff questioned whether the county had actually incurred the cost of the copying since it had been performed by the county's regular salaried employees. Noting that the county had actually expended tax dollars in paying the employees while they were engaged in the preparation of the county's brief, the court concluded: "Neither logic nor common sense dictates that the reasonable cost of a brief should be allowed when incurred by way of sending the manuscript to an independent contractor, but that such reasonable cost should be disallowed when the same work is done in the office of the county counsel or in the office of the state printer. The expenses actually incurred in the latter cases necessarily result from the increased burdens placed upon the staffs of the respective public offices." (*Id.*, at p. 323.)

The court in *Wilson* also stated that "'A verified memorandum of costs is *prima facie* evidence that the costs have been necessarily incurred. . . .' [Citation omitted.]" (*Ibid.*) In the instant case the county argued it was entitled to recover witness fees and mileage based upon the county's payment to the employees of full salary during the time they were serving as witnesses. The county now asks that this court take judicial notice of Kern County Ordinance Code section 1150.2, a copy of which is attached to the county's opening brief as appendix A. Although this ordinance section was not presented to the trial court, the substance of the argument remains the same, and the ordinance simply explains the procedure involved. Accordingly, we take judicial notice of the ordinance code section pursuant to Evidence Code section 459. The Law Revision Commission comment to section 459 states in part: "In addition to requiring the reviewing court to judicially notice those matters which the trial court properly noticed or was required to notice, the subdivision also provides authority for the reviewing court to exercise the same discretionary power to take judicial notice as is possessed by the trial court." (See also *Donahue Constr. Co.* v. *Transport Indem. Co.* (1970) 7 Cal.App.3d 291, 298, fn. 3 [86 Cal.Rptr. 632].)

Kern County Ordinance Code section 1150.2, enacted pursuant to the provisions of Government Code section 1230,[3] provides for full payment of salary to the employee while serving as a juror or witness. It requires that the employee make all appropriate demands for recovery of fees and sums "required by law to be paid in connection with such appearances and shall promptly pay over to the county all such amounts, together with any other such sums of any nature received as a result of or in connection with such appearance." The amount the county employee receives then offsets the salary paid to the employee for the leave granted to the extent *required* by Government Code section 1230. Because in this case the county was the party litigant who called the employees as witnesses, a literal application of the ordinance would require that the employees demand payment from the county, which would immediately be channeled through the employee and back to the county. Whether or not literal compliance with the demand and pay-back could be anticipated, it cannot be disputed that the county had actually incurred the liability for the witness fees by the combined operation of Government Code section 1230 and Kern County Ordinance Code section 1150.2. It follows that the trial court had no discretion to disallow the witness fees and mileage for the county employees called to testify at trial.

Defendant further contended in her motion to tax costs that witness fees and mileage cannot properly be allowed for county employee witnesses because such fees and mileage reimbursements are not recoverable to a party and the county can only appear through its employees. We disagree.

In *Trussell* v. *City of San Diego* (1959) 172 Cal.App.2d 593 [343 P.2d 65], the court considered a similar contention as follows: "Appellant claims that mileage and witness fees allowed as costs by the trial court to [certain witnesses employed by one of the respondents, a religious corporation] should be disallowed. Admittedly, such fees and mileage are not allowable to parties to the action. No authorities, however, have been cited to the effect that they are to be denied to individuals not shown to have any private interest in the litigation, merely because they are directors or employees of a corporate party." (*Id.,* at p. 617.) We believe the same rationale applies to governmental litigants who are required to call certain of their employees as witnesses when those employees have no personal interest in the outcome of the litigation. We therefore conclude that the trial court erred in taxing

---

[3]Government Code section 1230 provides: "The governing body of a city, county, city and county, or political subdivision of the State may grant leaves of absence to employees to appear as a witness in court other than as a litigant, to serve on a jury, or to respond to an official order from another governmental jurisdiction for reasons not brought about through the connivance or misconduct of the employee. The governing board may grant such leaves of absence with pay up to the amount of the difference between the employee's regular earnings and any amount he receives for jury or witness fees."

those costs claimed for witness fees and mileage for the eight county employees who were called as witnesses by the county and appeared at trial. Our calculations indicate this means an additional $166.40 in costs should have been allowed to the county.

II. *Deposition costs.*

The county claimed $133.35 and $153.40, respectively, as the cost of taking the depositions of defendant Marie Aud and of Peggy Ginn. Both of these costs were disallowed by the trial court, although the court did allow the cost of taking the deposition of Carl Ginn. The trial court determined it was necessary to take Carl Ginn's deposition because brain surgery made it unlikely he would be able to appear at trial.

In support of its claim for the cost of deposing Marie Aud and Peggy Ginn, the county argued that both women were material witnesses for the defense who had personal knowledge of the services and supplies included in the bill which was the subject of the lawsuit. Additionally, both depositions were lodged with the court by order of the court to resolve the county's motion for an order specifying issues without substantial controversy, which motion was granted in part.

Code of Civil Procedure section 1032a (amended and renumbered § 1032.7 in 1982) provided at the time of trial: "Any person allowed his costs under the provisions of this chapter shall, in addition to other costs, be entitled to the reasonable cost of taking and transcribing depositions, together with the reasonable cost of one copy of each such deposition, unless it shall appear to the court that the taking of such deposition was unnecessary, and in addition the reasonable cost of one copy of all depositions taken by the party or parties against whom such costs were allowed." (See, e.g., *Ceranski* v. *Muensch* (1943) 60 Cal.App.2d 751, 755 [141 P.2d 750]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 103, p. 3258; 15 Cal.Jur.3d, Costs (1974) § 61, pp. 673-674; CJER, Cal. Judges Benchbook—Civil Trials (1981) Findings and Judgment, § 16.68, p. 524.)

■ The necessity for a deposition and for the related expenditures is a question for the trial court's sound discretion. (See *Costello* v. *Roer* (1946) 77 Cal.App.2d 174 [175 Cal.Rptr. 65].) ■ The burden of proof that the deposition was unnecessary or that the costs of taking the deposition were unreasonable is on the party seeking to have that item taxed or reduced. (See *Horner* v. *Marine Engineers' etc. Assn.* (1959) 175 Cal.App.2d 837 [1 Cal.Rptr. 113].)

In this case defendant submitted no affidavits in support of her motion to tax costs. Defendant merely alleged that the depositions were neither nec-

essary nor reasonable under the circumstances. Opposed to this was the county's declaration under penalty of perjury that each item in the cost bill was reasonably incurred. In this situation, defendant has not met her burden of showing that the depositions were unnecessary. The facts before the trial court and before this court indicate the depositions were clearly within the realm of necessity contemplated by former section 1032a of the Code of Civil Procedure.

We therefore conclude the trial court improperly taxed the costs of depositions of Marie Aud and Peggy Ginn, and an additional amount of $286.75 should have been recovered by the county as part of its costs in this litigation.

III. *Attorneys' fees.*

Although the memorandum of intended decision filed by the trial court in the instant case indicates plaintiff was to have judgment for $3,701.47 plus costs, it did not mention the attorneys' fees the county had demanded in its complaint pursuant to Civil Code section 248. The county included $600 for attorneys' fees in its memorandum of costs, and this was an item which defendant sought to tax.

Code of Civil Procedure section 1021 provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided." Civil Code section 248, on which the county relies, provides: "The obligee may enforce his right of support against the obligor and the county may proceed on behalf of the obligee to enforce his right of support against the obligor. Whenever the county furnishes support to an obligee, it has the same right as the obligee to whom the support was furnished, for the purpose of securing reimbursement and of obtaining continuing support. The right of the county to reimbursement shall be subject to any limitation otherwise imposed by the law of this state. The court may order the obligor to pay the county reasonable attorney fees and court costs in any proceeding brought by the county pursuant to this section."

■ The language of the section quoted above is clearly permissive and not mandatory. However, as there appear to be no cases actually construing Civil Code section 248, the permissive provisions make it appropriate to consider similar provisions of Civil Code section 4370 for recovery of attorney's fees during the pendency of any action under the Family Law Act. There is abundant authority under section 4370 that the discretion to award

attorneys' fees belongs to the trial judge and not to the appellate court. The appellate court should interfere only if it finds that, under all the evidence viewed most favorably in support of the trial court's decision, no judge could reasonably have made the challenged order. (*In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, at pp. 113-114 [113 Cal.Rptr. 58]; see also *In re Marriage of Gonzalez* (1976) 57 Cal.App.3d 736, 749 [129 Cal.Rptr. 566] in which the court stated " 'It is settled that a judge may rely upon his own experience and knowledge of the law practice, as well as on the facts and circumstances of the case as they appear from pleadings and other papers. [Citations.] . . .' "; *In re Marriage of Janssen* (1975) 48 Cal.App.3d 425, 428-429 [121 Cal.Rptr. 701].)

■ In this case the county contends the trial court abused its discretion in disallowing the county's claim for attorneys' fees because the evidence before the court established that the county had expended a great deal of time in the litigation of this matter. However, the amount of time spent is only one of the considerations which the trial court in the exercise of its discretion must weigh in determining the propriety of an award of attorneys' fees. Moreover, the county failed to designate the transcript of the trial as part of the record on appeal. Thus the county is asking this court to find an abuse of discretion without knowing the factors on which the trial judge relied other than those he stated at the hearing on the motion to tax costs. There he did indicate his concern about the extent of recoupment from the defendant, a 73-year-old widow. There is nothing in the record to establish defendant's ability to pay an additional amount for attorneys' fees, and the reasonable inference from the trial court's exercise of its discretion in disallowing such fees is that the trial court concluded defendant was unable to bear this additional financial obligation. In the absence of the transcript of the actual trial, there is no basis on which we can reasonably conclude that the trial court abused its discretion in disallowing the award of attorneys' fees.

The trial court's order on defendant's motion to tax costs is reversed insofar as it disallows (1) witness fees, plus mileage as provided by statute, for eight county employees who were called as witnesses, totaling $166.40, and (2) the cost of deposing defendant Marie Aud and witness Peggy Ginn, totaling $286.75. The order of the trial court taxing and disallowing $600 as attorneys' fees is affirmed.

Franson, Acting P. J., and Zenovich, J., concurred.