Filed 3/16/16  Colman v. Feintech CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ROBERT COLMAN, | B264485 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC525289) |
| v. | |
| LISA FEINTECH, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Malcolm Mackey, Judge.  Reversed in part, affirmed in part, and remanded.

Boren, Osher & Luftman, Jeremy J. Osher for Plaintiff and Appellant.

Chatham & Hogan, Christopher Chatham for Defendant and Respondent.

Plaintiff and appellant Robert Colman appeals from an order denying in part his motion to strike or tax costs made pursuant to California Rules of Court, rule 3.1700. Plaintiff contends the trial court erred because the claimed costs were not recoverable, or were unnecessary or unreasonable. We reverse the costs awarded for exhibits not used at trial and service of process. In all other respects the order is affirmed.

## BACKGROUND

In October 2013 plaintiff filed a complaint, later supplanted by a first amended complaint, against defendant. In January 2015, five days before the scheduled trial date, plaintiff dismissed the lawsuit.

Defendant filed a costs memorandum seeking about $27,000 in costs. Defendant sought recovery of, inter alia, the following cost items: $11,029.22 for deposition costs (item no. 4); $696.32 for service of process costs (item no. 5); $3,451.04 for models, blowups, and exhibit photocopies (item no. 11); and $9,000.00 for "Other" (later identified by defendant as costs for a trial technician) (item no. 13).

Plaintiff filed his motion objecting to certain costs. Defendant opposed the motion arguing all of her costs were reasonable and necessary.

The trial court granted the motion to the extent it sought to strike defendant's expert witness fees because plaintiff, not defendant, had paid those fees;[1] denied the motion in all other respects; and awarded defendant $26,324.08 in costs. Plaintiff filed a timely notice of appeal.

---

[1]     The costs for defendant's expert witness fees are not at issue in this appeal.

**DISCUSSION**

### A.    Standard of Review and Applicable Law

We review a trial court's order granting or denying a motion to tax costs for abuse of discretion. (*Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, 1556-1557 (*Seever*).) That is, we will reverse such an order only when the trial court's action is arbitrary, capricious or patently absurd, resulting in a manifest miscarriage of justice. (*People v. Carrington* (2009) 47 Cal.4th 145, 195; *Ghadrdan v. Gorabi* (2010) 182 Cal.App.4th 416, 421; *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1249-1250.) "Interpreting a statute is . . . a matter of law, which we review de novo. [Citation.]" (*Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.)

"Under Code of Civil Procedure section 1032,[2] the prevailing party is entitled as a matter of right to recover costs. Section 1033.5 identifies cost items that are allowable under section 1032 (§ 1033.5, subd. (a)); identifies items that are not allowable (*id.*, subd. (b)); and further provides that '[i]tems not mentioned in this section . . . may be allowed or denied in the court's discretion' (*id.*, subd. (c)(4)). Any allowable costs must be 'reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation,' and reasonable in amount. (*Id.*, subd. (c)(2), (3).)" (*Bender v. County of Los Angeles* (2013) 217 Cal.App.4th 968, 989-990.)

"'In ruling upon a motion to tax costs, the trial court's first determination is whether the statute expressly allows the particular item and whether it appears proper on its face. "If so, the burden is on the objecting party to show [the costs] to be unnecessary or unreasonable." [Citation.] Where costs are not expressly allowed by the statute, the burden is on the party claiming the costs to show that the charges were reasonable and necessary. [Citation.]'" (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 71, citing *Foothill-De Anza Community College Dist. v. Emerich* (2007) 158 Cal.App.4th 11.)

---

[2]    All statutory citations are to the Code of Civil Procedure unless otherwise noted.

## B. Exhibits Costs (Item No. 11)

### 1. *Applicable Law and Background*

Under section 1033.5, subdivision (a)(13), "[m]odels and blowups of exhibits and photocopies of exhibits may be allowed [as costs] if they were reasonably helpful to aid the trier of fact." In her costs memorandum, defendant claimed $3,451.04 in costs under this category, consisting of $1,562.84 "for preparation of the required trial binders and exhibits," $1,500 for photographs, and $388.20 for "copies of exhibits."

In his motion, plaintiff objected to the totality of the claimed costs as being "unreasonable" "especially" because the case never went to trial, and to the claimed costs for the photographs as not being a proper item of costs because the photographs were prepared "at [defendant's] sole instance." Defendant opposed the motion, citing *Applegate v. St. Francis Lutheran Church* (1994) 23 Cal.App.4th 361 (*Applegate*), for the proposition that "*when a case is dismissed before trial*, costs for trial exhibit preparation is properly recoverable for exhibits reasonably necessary to the litigation, even when the items were not specifically allowable under other sections." Defendant contended the totality of the claimed costs for trial exhibit preparation "would have greatly assisted the trier of fact," and the costs of the photographs were "necessary" for use at trial. The trial court denied plaintiff's motion with respect to defendant's claimed exhibit costs.

### 2. *Analysis*

Plaintiff argues the trial court erred in awarding defendant $3,451.04 in costs for exhibits she did not use at trial, arguing those costs are not recoverable. Defendant contends plaintiff waived the contention because plaintiff did not raise it in the trial court.

"As a general rule, a party is precluded from urging on appeal any point not raised in the trial court. [Citation.]" (*In re Riva M.* (1991) 235 Cal.App.3d 403, 411-412.) That rule "'"is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law." [Citations.] Otherwise, opposing parties and trial courts would be deprived of opportunities to correct

4

alleged errors, and parties and appellate courts would be required to deplete costly resources "to address purported errors which could have been rectified in the trial court had an objection been made." [Citation.] In addition, it is inappropriate to allow any party to "trifle with the courts by standing silently by, thus permitting the proceedings to reach a conclusion in which the party could acquiesce if favorable and avoid if unfavorable." [Citation.]'" (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799-800.)

In his motion, plaintiff sought to tax the claimed exhibit costs on the ground they were "unreasonable" because, inter alia, the case never went to trial. Plaintiff argued: "This figure is grossly excessive, especially in light of the fact that this case did not proceed to trial. Such fees and costs . . . should be stricken, on the grounds that such expenses were not reasonable." Plaintiff did not specifically raise in the trial court his contention now asserted on appeal that section 1033.5 does not allow recovery of costs for exhibits not used at trial.

We exercise our discretion however to consider plaintiff's contention because it concerns a legal issue based on the undisputed fact the exhibits were not used at trial.[3] "We may consider legal issues on appeal not raised before the trial court presented on undisputed facts. [Citation.]" (*U.S. Bank National Assn. v. Yashouafar* (2014) 232 Cal. App.4th 639, 645, fn. 4.) "[A]n appellate court may consider a claim raising an important question of law despite the appellant's failure to raise the issue in the trial court[.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7; *People v. Rosas* (2010) 191 Cal.App.4th 107, 115 ["appellate courts regularly use their discretion to entertain issues not raised at the trial level when those issues involve only questions of law based on undisputed facts." (italics omitted)].)

There is a split in authority as to whether costs for exhibits not used at trial are recoverable. We conclude those costs are not recoverable.

---

**3** Defendant is not prejudiced by our consideration of plaintiff's contention. Plaintiff raised the issue in his opening brief, and defendant had the opportunity to, and did, address the issue in her respondent's brief.

On the one hand, *Applegate*, *supra*, 23 Cal.App.4th 361 and *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836 (*Benach*), hold costs for exhibits not used at trial may be allowed in the trial court's discretion under subdivision (c)(4).[4] *Applegate* held although costs for exhibits not used at trial might not be allowed under section 1033.5, [former] subdivision (a)(12)[5], they may be allowed in the trial court's discretion under subdivision (c)(4). (*Applegate, supra,* 23 Cal.App.4th at p. 363.) The court explained: "Until a dismissal was filed, defendants were forced to continue preparing for trial in the matter. The exhibits prepared were 'reasonably necessary to the conduct of the litigation.' An experienced trial judge recognized that it would be inequitable to deny as allowable costs exhibits which a prudent attorney would prepare in advance of trial, and which were not used only because the action was dismissed by the opposing party on the day of trial." (*Id*. at p. 364.)

*Benach* held costs for exhibits not used at trial were properly awarded under the discretionary authority of section 1033.5, subdivision (c)(4). (*Benach*, *supra*, 149 Cal.App.4th at pp. 856-857.) Without substantive analysis, the court stated: "Although the Department did not use the majority of its exhibits at trial, nothing indicates it could have anticipated that they would not be used. An experienced trial judge would recognize that it would be inequitable to deny as allowable costs exhibits any prudent counsel would prepare in advance of trial." (*Id*. at p. 856.)

On the other hand, *Ladas v. California State Auto Assn.* (1993) 19 Cal.App.4th 761 (*Ladas*), and *Seever*, *supra*, 141 Cal.App.4th 1550, held costs for exhibits not used at trial were not allowed as "reasonably helpful to the trier of fact" under section 1033.5, [former] subdivision (a)(12). *Ladas* held, "because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized."

---

[4]     Section 1033.5, subdivision (c)(4) provides, "Items not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion."

[5]     Former subdivision (a)(12) of section 1033.5 has been renumbered; it is substantially the same as subdivision (a)(13) (quoted above).

6

(*Id*. at p. 774.) "Since the case was dismissed before trial, [the defendant] failed to qualify for recovery of exhibit costs under" [[former] subdivision (a)(12)]. These items should have been disallowed in their entirety." (*Id*. at p. 775.)

*Seever* disagreed with the proposition that "only those costs items expressly prohibited by section 1033.5, subdivision (b),[6] are outside the scope of this discretionary authority." (*Id*. at pp.1558-1559, fn. omitted.) The court reasoned, "Perhaps most obviously, [] section 1033.5, subdivision (a)(10), provides attorney fees are allowable as costs when authorized by contract, statute or law. Although section 1033.5, subdivision (b), does not address attorney fees, no one would contend the trial court has discretion under section 1033.5, subdivision (c)(4), to award attorney fees as costs in a case not included within one of the three subdivision (a)(10) categories, based on a showing the fees incurred were 'reasonably necessary to the conduct of the litigation.'" (*Id*. at p. 1559.)

In reversing the trial court's award of costs for exhibits not used at trial, *Seever* stated section 1033.5, [former] subdivision (a)(12) "allows the recovery of the cost of photocopies of exhibits, but only if they were reasonably helpful to aid the trier of fact. Because the Legislature has expressly stated in [former] subdivision (a)(12) what is allowable (exhibits used at trial that are reasonably helpful) and implicitly what is not, the discretion granted in section 1033.5, subdivision (c)(4), to award costs for items not mentioned in section 1033.5 is simply inapplicable." (*Id*. at pp. 1559-1560, 1563.) The court explained, "[o]n its face," the statutory language of section 1033.5, [former] subdivision (a)(12) "excludes as a permissible item of costs exhibits not used at trial, which obviously could not have assisted the trier of fact." (*Id*. at pp. 1557-1558.)

---

**6**     Section 1033.5, subdivision (b), provides, "The following items are not allowable as costs, except when expressly authorized by law:  [¶]  (1) Fees of experts not ordered by the court.  [¶]  (2) Investigation expenses in preparing the case for trial.  [¶]  (3) Postage, telephone, and photocopying charges, except for exhibits.  [¶]  (4) Costs in investigation of jurors or in preparation for voir dire.  [¶]  (5) Transcripts of court proceedings not ordered by the court."

*Ladas* and *Seever* are persuasive.  Section 1033.5, subdivision (c)(4) gives the trial court discretion to award costs only for "*[i]tems not mentioned in this section.*"  (Italics added.)  Subdivision (a)(13) mentions costs for exhibits.  Just as "no one would contend the trial court has discretion under section 1033.5, subdivision (c)(4)" to award attorney fees not authorized by contract, statute or law (*Seever*, *supra*, 141 Cal.App.4th at p. 1559), the trial court had no discretion to award costs for exhibits not used at trial under that subdivision.

Here, the case was dismissed before trial.  Defendant's costs for exhibits not used at trial are not allowed under section 1033.5, subdivision (a)(13) because they were not reasonably helpful to aid the trier of fact.  (*Ladas*, *supra*, 19 Cal.App.4th 761, and *Seever*, *supra*, 141 Cal.App.4th 1550.)

### C.  Service of Process Fees (Item No. 5)

#### 1.  *Applicable Law and Background*

Section 1033.5, subdivision (a)(4) provides costs for service of process are recoverable.  Defendant sought $696.32 for service of process costs.  In his motion, plaintiff argued defendant's costs memorandum was deficient because the memorandum did not show the manner in which the subpoenas were served.  In her opposition, defendant submitted invoices reflecting the service of process costs charged by her attorney service.

At the hearing on plaintiff's motion, plaintiff's counsel stated, "With respect to the service of process costs, your Honor, they're asking for $700.  That's because they paid for expedited service on everything except for one.  They could have paid $25.  Their own process servicing company charges $25."  The trial court denied plaintiff's motion with respect to the service of process costs claimed by defendant stating, "I'm going to allow that.  I knocked out the other [costs - the costs for defendant's expert witness fees], [c]ounsel, so I'm going to allow for that."

*2.    Analysis*

Plaintiff contends the trial court abused its discretion in awarding defendant service of process costs because defendant did not satisfy her burden of proof that the "same day" service costs for four deposition subpoenas and one trial subpoena were necessary and reasonable.  We agree.

Because defendant's costs memorandum was insufficient on its face to determine whether the service of process items were proper, defendant had the burden of proof to establish the "reasonableness of the service costs."  (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 132.)  Although in her opposition to the motion, defendant submitted invoices in support of her request for service of process costs, she did not state why she or her counsel chose same day service for the challenged subpoenas, leaving plaintiff and the trial court to speculate why such a service method was chosen.  Indeed, rather than determining whether the "same day" service of process costs were necessary and reasonable, the trial court appeared to have engaged in a "tit-for-tat" analysis, stating it was going to allow the service of process costs because "I knocked out the other [costs]." The trial court abused its discretion by allowing recovery of the service of process costs for four deposition subpoenas and one trial subpoena served on the "same day." [7]  We remand the matter to the trial court to determine the amount of costs that should be awarded for unexpedited service of process.

**D.    Costs for "Other"/Trial Technician (Item No. 13)**

*1.    Applicable Law and Background*

As noted above, section 1033.5, subdivision (c)(4), provides:  "[i]tems not mentioned in this section and items assessed upon application may be allowed or denied

---

[7]    Plaintiff does not challenge the costs award for "economy" service of defendant's second trial subpoena.

in the [trial] court's discretion." Defendant sought $9,000 in costs for "Other," later identified as costs for a trial technician. Plaintiff objected to the claimed costs on the ground defendant could not show they were reasonable and necessary. The trial court rejected plaintiff's argument.

### 2. *Analysis*

Plaintiff contends the trial court abused its discretion in awarding defendant trial technician costs because a trial technician was not "reasonably necessary to the conduct of the litigation," nor was the cost "reasonable in amount." The trial court did not abuse its discretion.

Because costs for a trial technician are not mentioned in section 1033.5 as recoverable, defendant, as the party claiming the costs, has the burden of proof that the costs are reasonable or necessary. (*Ladas*, *supra*, 19 Cal.App.4th at p. 774.) Defendant's counsel declared these costs were incurred because defendant retained a trial technician to "be present in the courtroom to insure that all of the exhibits and depositions would be available for electronic use at trial in this case." She also argued in her opposition to the motion: "videotaped depositions are helpful to assist the jury at trial, and are particularly helpful when impeaching a witness." Plaintiff argues "helpful" is not the same as "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation," as required by section 1033.5, subdivision (c)(2).

The "use of technology in the courtroom [is] commonplace . . . ." (*Bender v. County of Los Angeles*, *supra*, 217 Cal.App.4th at p. 991.) Defendant established to the apparent satisfaction of the trial court that the costs for a trial technician were reasonable and necessary. Plaintiff has failed to establish the trial court abused its discretion by allowing recovery of those costs.

### E. Deposition Costs (Item No. 4)

#### 1. *Applicable Law and Background*

10

Section 1033.5, subdivision (a)(3), allows as costs the "[t]aking, video recording, and transcribing necessary depositions . . . ." In her costs memorandum, defendant sought $11,029.22 for deposition costs, including $1,783.01 for the cost of videotaping plaintiff's deposition. In his motion, plaintiff argued the total amount of the claimed deposition costs were unreasonable and videotaping plaintiff's deposition was not reasonably necessary. The trial court denied plaintiff's motion to strike these costs.

### 2.    *Analysis*

Plaintiff contends the trial court abused its discretion in awarding defendant the cost of videotaping plaintiff's deposition because pursuant to section 1033.5, subdivision (c), videotaping the deposition was not reasonably necessary, and the cost of doing so was unreasonable. We disagree.

Section 1033.5, subdivision (a)(3), specifically allows for the recovery of costs for videotaping necessary depositions. "The necessity for a deposition and for the related expenditures is a question for the trial court's sound discretion. [Citation.]" (*County of Kern v. Ginn* (1983) 146 Cal.App.3d 1107, 1113.)

Plaintiff argues defendant failed to carry her burden of proof to show that videotaping the deposition was reasonably necessary, and the costs of doing so was reasonable. Defendant does not bear that burden of proof. Plaintiff, as the party seeking to have the deposition costs taxed or reduced, bears the burden of proof to show the costs were unnecessary or unreasonable. (*Nelson v. Anderson*, *supra*, 72 Cal.App.4th at p. 131; *County of Kern v. Ginn, supra,* 146 Cal.App.3d at p. 1113.)

The challenged costs were for videotaping plaintiff's deposition, not videotaping a third party witness deposition. Plaintiff did not explain why the videotaping of his deposition was unnecessary nor did he present any evidence suggesting the costs of doing so were unreasonable. Plaintiff has failed to establish the trial court abused its discretion.

11

## DISPOSITION

The costs awarded for exhibits not used at trial and for expedited service of process are reversed.  The matter is remanded to the trial court to calculate and award costs for unexpedited service of process.  In all other respects the order is affirmed.  The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KUMAR, J.[*]


We concur:


TURNER, P. J.


BAKER, J.

---

[*]    Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.