Filed 1/30/26  Kenne v. Community Corp. of Santa Monica CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KATHLEEN A. KENNE, | B345478 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SC128551) |
| v. | |
| COMMUNITY CORPORATION OF SANTA MONICA, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Sepe-Weisenfeld, Judge.  Affirmed.

Kathleen A. Kenne, in pro. per., for Plaintiff and Appellant.

Schonbuch Hallissy and Bernadette Castillo Brouses for Defendants and Respondents.

———————————————

Plaintiff Kathleen Kenne appeals from an order denying her motion to tax costs and awarding appellate costs of $4,693.73 to defendants Community Corporation of Santa Monica (CCSM), Tara Barauskas, Robert Connell, Durinda Abraham, Kyong Chang, and Alan Wittert (collectively, defendants). We find no abuse of discretion, and thus we affirm the order.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Kenne's prior appeal.

Kenne, a former tenant of CCSM, filed the present action against CCSM and five of its officers and employees asserting a variety of contract and tort claims. In October 2021, the trial court granted terminating sanctions against Kenne, and in November 2021, the court entered a judgment of dismissal.

Kenne appealed from the judgment (appeal No. B317722). This court affirmed the judgment and awarded defendants "their costs on appeal."

---

[1] On August 21, 2025, this court deferred ruling on Kenne's motion for judicial notice of documents filed in connection with Kenne's prior appeals and writs. We now deny the motion because the records of which judicial notice is sought are not relevant to our resolution of this appeal. (See *Coyne v. City and County of San Francisco* (2017) 9 Cal.App.5th 1215, 1223, fn. 3 [denying judicial notice as to documents that were not relevant to court's analysis]; *Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482 ["We also may decline to take judicial notice of matters that are not relevant to dispositive issues on appeal"].)

2

## II. Defendants' costs memorandum; Kenne's motion to tax costs.

This court issued the remittitur on July 16, 2024. Defendants thereafter filed a costs memorandum in the trial court seeking appellate filing fees of $390, plus clerk's transcript preparation fees of $4,303.73, for a total of $4,693.73.

Kenne filed a motion to strike and/or to tax costs, urging that defendants' counsel had not signed the costs memorandum, there was no evidence that defendants had actually paid any of the claimed costs, and defendants had not reasonably incurred clerk's transcript costs because defendants were not required to obtain a copy of the clerk's transcript and did not cite to it in their respondent's brief.

Defendants opposed Kenne's motion. Defendants asserted that they reasonably incurred fees associated with filing a respondents' brief and obtaining a copy of the appellate record, and such fees were recoverable as costs. In support, defendants' attorney, Bernadette Brouses, stated in a declaration that her office paid filing and transcript fees on behalf of defendants. Brouses attached to her declaration (1) the schedule of appellate filing fees, which indicated that the appellate filing fee for the "[f]irst document filed in a civil case by a party other than appellant/petitioner" was $390, and (2) the superior court's "Notice[s] of Fees Due for Clerk's Transcript of Appeal," which indicated that the superior court billed defendants $3,535.48 for the clerk's transcript and $768.25 for the supplemental clerk's transcript.

Kenne filed a reply in which she again urged that the memorandum of costs should be stricken. She also requested

that the court award her sanctions against defendants of at least $20,000.

After a hearing, the trial court denied Kenne's motion to tax costs. The court explained: "Plaintiff's motion and reply are difficult to follow, and they largely consist of accusations unrelated to the instant motion . . . . Nonetheless, in opposition to Plaintiff's motion, Defendants provide documentation of the $390 filing fee paid to file their Respondents' Brief in the appeal, as well as the $4,303.73 . . . paid to obtain a copy of the Clerk's Transcript on appeal. [Citation.] It is well established that a party is entitled to recover costs for obtaining the record on appeal and for filing a brief in the appellate matter. (Code Civ. Proc., § 1034, subd. (b); Cal. Rules of Court, rule 8.278(d).)

"In the reply, Plaintiff argues that the memorandum 'fails to prove any costs' [citation], and she accuses Defendants of 'financial fraud and moral turpitude' [citation] simply based on failure to provide documentation of the costs. In oral argument Plaintiff repeats her contention that a receipt of payment is required. The court is not persuaded. While there is no specific receipt of payment with the opposition, defense counsel has provided sworn statements that the costs were paid, and counsel has provided proof of the invoices for each cost. [Citation.] Plaintiff appears to take issue with the merits of [the] appeal, which is not properly considered in this motion. Put simply, Plaintiff, as the moving party, had the burden of establishing that each disputed item is not recoverable, and she has not done so here."

Kenne timely appealed from the order denying her motion to tax costs.

## DISCUSSION

California Rules of Court, rule 8.278(a)(1)[2] states that except as provided by statute or rule, "the party prevailing in the Court of Appeal in a civil case other than a juvenile case is entitled to costs on appeal." Recoverable costs include, among other things, "[f]iling fees" and "[t]he amount the party paid for any portion of the record, whether an original or a copy or both," if reasonable. (Rule 8.278(d)(1)(A)–(B).) A prevailing party may claim costs by filing a verified memorandum of costs in the trial court within 40 days of the issuance of the remittitur. (Rule 8.278(c).)

In the present case, on July 16, 2024, this court issued a remittitur in Kenne's prior appeal directing an award of appellate costs to defendants. Thirty-seven days later, on August 22, 2024, defendants filed a costs memorandum claiming costs of $4,693.73—$390 for appellate filing fees and $4,303.73 to obtain copies of the clerk's transcript. The memorandum of costs was signed by defendants' attorney, Brouses, who declared under penalty of perjury that "[t]o the best of my knowledge, the items of costs are correct and were necessarily incurred in this case on appeal." Brouses subsequently submitted a declaration (1) attesting that her office paid $390 to file the respondent's brief and "ordered and obtained a copy of the Clerk's Transcripts and . . . paid said fees on behalf of [defendants]," and (2) attaching copies of the Court of Appeal's fee schedule and the superior court's notices of fees due for clerk's transcripts.

---

[2] All subsequent rule references are to the California Rules of Court.

5

We review an order denying a motion to tax costs for an abuse of discretion. (*Coastline JX Holdings LLC v. Bennett* (2022) 80 Cal.App.5th 985, 1013; *Chaaban v. Wet Seal, Inc.* (2012) 203 Cal.App.4th 49, 52.) " 'The trial court's exercise of discretion in granting or denying a motion to tax costs will not be disturbed if substantial evidence supports its decision.' [Citation.] To the extent the statute grants the court discretion in allowing or denying costs or in determining amounts, we reverse only if there has been a ' "clear abuse of discretion" and a "miscarriage of justice." ' " (*Chaaban*, at p. 52.)

The categories of costs defendants sought—appellate filing fees and the amount paid to obtain a copy of the clerk's transcript—expressly are recoverable under rule 8.278. Moreover, defendants' request for costs was reasonable and was supported by a timely memorandum of costs signed by counsel under penalty of perjury and, subsequently, by counsel's declaration. Under these circumstances, the trial court manifestly did not abuse its discretion by denying the motion to tax costs.

Kenne challenges the award of costs on a variety of grounds, but none has merit. First, Kenne contends the trial court erred by awarding appellate costs because defendants did not submit payment receipts in connection with their costs memorandum. Kenne thus suggests that defendants did not prove they "actually paid" the costs they claimed. But rule 8.278 does not require that a party seeking costs submit payment receipts; it requires only that the party file "a verified memorandum of costs under rule 3.1700." (Rule 8.278(c)(1).) Defendants did so through their counsel, who stated under penalty of perjury that the items of costs claimed were "correct

6

and were necessarily incurred in this case on appeal." Then, in support of defendants' opposition to the motion to tax costs, counsel filed a declaration stating that her office paid defendants' appellate filing fees and "ordered and obtained a copy of the Clerk's Transcripts and . . . paid fees on behalf of [defendants]." No more was required to establish that defendants incurred and paid the claimed costs. (See *Bender v. County of Los Angeles* (2013) 217 Cal.App.4th 968, 989 [verified memorandum of costs is prima facie evidence of the propriety of the items listed on it]; *Adams v. Ford Motor Co.* (2011) 199 Cal.App.4th 1475, 1486–1487 [same].)

Kenne next contends that defendants did not reasonably incur clerk's transcript fees because such fees were "optional" and defendants' respondents' brief did not include citations to the clerk's transcript. Not so. Record preparation fees are recoverable under rule 8.278(d)(1)(B)—without regard to the manner in which the record is cited in an appellate brief. In any event, the respondent's brief in the underlying case is replete with citations to the clerk's transcript.

Next, Kenne urges that the trial court erred by "fail[ing] to mandatorily *shift the burden of proof* to [defendants] after [Kenne's] motion was filed." According to Kenne, once she asserted in her motion to tax costs that defendants had not actually incurred the claimed costs, the burden shifted to defendants to prove that they had incurred such costs. In fact, if a party files a motion to tax costs, the burden of proof shifts to the party claiming costs only if items of costs "are *properly* objected to." (See *Rappenecker v. Sea-Land Service, Inc.* (1979) 93 Cal.App.3d 256, 266, italics added.) The opposing party's "mere statements in the points and authorities accompanying its

7

notice of motion to strike cost bill . . . are insufficient to rebut the prima facie showing"; instead, the burden shifts only if the motion is accompanied by "competent evidence, oral or written." (*Ibid.*; see also *County of Kern v. Ginn* (1983) 146 Cal.App.3d 1107, 1113–1114 [trial court improperly taxed costs where defendant "submitted no affidavits in support of her motion to tax costs," but merely alleged that depositions "were neither necessary nor reasonable under the circumstances"]; *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131 [" '[I]f the items appear to be proper charges, the verified memorandum is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred by the defendant [citations], and the burden of showing that an item is not properly chargeable or is unreasonable is upon the [objecting party]' "].) Here, the costs defendants claimed were expressly permitted by the Rules of Court, and thus, the burden was "on the objecting party"— Kenne—"to show them to be unnecessary or unreasonable." (*Nelson*, at p. 131.) The trial court did not err in concluding that Kenne did not make that showing.

Next, Kenne asserts that the memorandum of costs lacked evidentiary value because defendants' attorney, Brouses, signed the memorandum electronically. Kenne suggests that although the memorandum "was allegedly signed under penalty of perjury *by someone*, it was not actually signed by Brouses, the attorney ostensibly with percipient knowledge of any costs actually paid out on appeal." (Some italics omitted.) Kenne cites no authority for the proposition that an electronic signature on a declaration is not valid, and the contention therefore is forfeited. (See, e.g., *In re Champion* (2014) 58 Cal.4th 965, 986 [appellant forfeits issue by failing to support it with citations to legal authority].)

8

Finally, Kenne asserts that the trial court erred by awarding costs pursuant to Code of Civil Procedure (CCP) sections 1032 and 1033.5, which she says apply to costs incurred in connection with trial court proceedings, not on appeal. Not so. CCP section 1033.5, subdivision (a)(16), provides that items "allowable as costs under Section 1032" include "[a]ny other item that is required to be awarded to the prevailing party pursuant to statute as an incident to prevailing in the action at trial *or on appeal*" (italics added), and CCP section 1034 provides that the Judicial Council "shall establish by rule allowable costs on appeal and the procedure for claiming those costs." The Judicial Council adopted rule 8.278 pursuant to CCP section 1034 (*Wash v. Banda-Wash* (2025) 108 Cal.App.5th 561, 567), and thus CCP sections 1032 through 1034 are properly cited as authority for an award of appellate costs pursuant to rule 8.278.

For all the foregoing reasons, the trial court did not abuse its discretion by denying Kenne's motion to tax costs and awarding defendants appellate costs of $4,693.73.

## DISPOSITION

The order denying Kenne's motion to tax costs and awarding defendants appellate costs of $4,693.73 is affirmed. Defendants are awarded their appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

ADAMS, J.

10