[No. G032915. Fourth Dist., Div. Three. Feb. 25, 2005.]

ALFRED SKISTIMAS, Plaintiff and Appellant, v.
OLD WORLD OWNERS ASSOCIATION et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*This court certifies that the opinion meets the standards for publication set forth in California Rules of Court, rule 976(b) with the exception of the sections entitled "*Second Amended Complaint*," "*Motions for Summary Judgment*," and "*Trial*" under the heading "FACTS"; and the sections entitled "*Summary Adjudication*," "*Breach of CC&R's*," "*Fiduciary Duty*," "*Defamation*," and "*Attorney Fees*" under the heading "DISCUSSION."

## COUNSEL

Law Offices of Alexandria C. Phillips and Alexandria C. Phillips for Plaintiff and Appellant.

Fiore, Racobs & Powers, Janet L. S. Powers and C. Mark Hopkins for Defendants and Appellants.

**OPINION**

**SILLS, P. J.**—Alfred Skistimas sued the individual members of the board of the Old World Owners Association (the Association) for violating certain provisions of the covenants, conditions and restrictions (CC&R's), which allegedly had a negative effect on his business. He also claimed the board members slandered him and threatened to force him out of the Old World Village, and he alleged one board member threatened to shoot him. Skistimas also sued the Association, claiming it selectively enforced the CC&R's, breached its fiduciary duty to him, failed to supervise individual board members, and slandered him.

The trial court summarily adjudicated some causes of action, granted motions for judgment on others (Code Civ. Proc., § 631.8),[1] and ultimately entered judgment against Skistimas on the entire complaint. It awarded attorney fees and costs to the defendants, but denied their request for expert witness fees under section 998. Skistimas appeals from the judgment, and the individual defendants appeal from the denial of expert witness fees. We affirm the judgment but reverse the denial of expert witness fees.

## FACTS

### *Second Amended Complaint**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Motions for Summary Judgment**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Trial**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Motion for Costs*

The defendants moved to recover attorney fees as the prevailing party in an action involving the enforcement of CC&R's. (Civ. Code, § 1354, subd. (f).) The trial court found them to be the prevailing parties and awarded them

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.
*See footnote, *ante*, page 948.

$57,630. The individual defendants also moved to recover their expert fees because Skistimas refused to accept their offers to settle and failed to achieve a better result at trial (§ 998). The trial court noted only the individual defendants had made settlement offers to Skistimas, not the Association, and it found the offers were not " 'token' or 'bad faith' offers." But the court denied the motion because none of the defendants paid "out of pocket" for the experts. "My inspection of the CCP 998 offers shows that those offers were expressly made, not by the individuals themselves, but by the community association's insurance carrier on behalf of those individuals."

## DISCUSSION

### *Summary Adjudication**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Breach of CC&R's**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Fiduciary Duty**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Defamation**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Attorney Fees**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### *Expert Witness Fees*

The individual defendants contend the trial court erred in denying them an award of expert witness fees pursuant to section 998. The trial court denied the award because the Association's insurer made

---

*See footnote, *ante*, page 948.

the offers on behalf of the individuals. "Unless the Association itself offered to settle in a good-faith settlement offer and still had to pay these guys . . . I don't see how they can piggyback on the individual defendants. It just doesn't seem fair to me." The individual defendants claim they were entitled to such an award even though the fees were paid by the Association's insurer rather than by the defendants themselves. We agree.

■ Section 998 provides that a written settlement offer may be made by any party up to 10 days before trial. "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, . . . the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant." (§ 998, subd. (c)(1).)

■ While we are unaware of precedent involving expert witness fees, there is ample case law holding that a litigant may recover attorney fees even though he has not paid for them out of his own pocket. "Modern jurisprudence does not require a litigant seeking an attorney fee award to have actually incurred the fees. '[I]n cases involving a variety of statutory fee-shifting provisions, California courts have routinely awarded fees to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship, although the party did not have a personal obligation to pay for such services out of his or her own assets.' (*Lolley v. Campbell* (2002) 28 Cal.4th 367, 373 [121 Cal.Rptr.2d 571, 48 P.3d 1128].) Moreover, the court noted: 'The right of a party to seek an award of statutory attorney fees is not equivalent to a right to retain such fees.' (*Id.* at p. 373, fn. 4.)" (*Moran v. Oso Valley Greenbelt Assn.* (2004) 117 Cal.App.4th 1029, 1036 [12 Cal.Rptr.3d 435].)

■ Skistimas points out section 998 specifically includes the requirement that expert witness fees be "actually incurred," while the statutes allowing the recovery of attorney fees do not. He argues this distinction is dispositive, urging us to interpret the phrase "actually incurred" to mean, *"personally* incurred." We decline to do so. The statute contains no requirement that any particular person must have incurred the expert witness fees, just that the fees must have been actually incurred. Thus, there is no statutory language to support treating expert witness fees under section 998 differently than attorney fee awards. Whether the individual defendants paid the fees out of their own pockets or their insurer paid the fees on their behalf should not be determinative of their right to recover those fees.

Section 998 provides that the court has the discretion whether to make an award of expert witness fees, but the court here denied the award for an erroneous reason. The record does not reflect that the court exercised its discretion over the propriety of the award, nor did it determine whether the requested amount was reasonable. For these reasons, we remand the matter to the trial court for further determination on the expert witness fee award.

## DISPOSITION

The judgment against Skistimas and in favor of the defendants is affirmed. The order denying an award of expert witness fees to the defendants is reversed and the matter is remanded to the trial court for further proceedings. Defendants are entitled to costs on appeal.

O'Leary, J., and Moore, J., concurred.