Filed 6/19/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DAVID LITT, | D067455 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INC1001609) |
| EISENHOWER MEDICAL CENTER et al., | |
| Defendants and Appellants. | |

APPEAL from posttrial orders of the Superior Court of Riverside County, John G. Evans, Judge. Affirmed in part, reversed in part, and remanded with directions.

Tardiff Law Offices, Neil S. Tardiff; Ford, Walker, Haggerty & Behar and William C. Haggerty for Defendants and Appellants.

Law Offices of Robert S. Gerstein, Robert S. Gerstein; Daniels, Fine, Israel, Schonbuch & Lebovits and Alan J. Carnegie for Plaintiff and Respondent.

Prior to trial, defendant Eisenhower Medical Center (EMC) served on plaintiff David Litt a $15,000 settlement offer under Code of Civil Procedure[1] section 998, which Litt did not accept. Litt subsequently added Compass Group USA, Inc. (Compass) as a

---

1        All further statutory references are to the Code of Civil Procedure.

defendant in the suit. Compass did not serve a section 998 offer on Litt. A jury returned a verdict for Litt and against defendants jointly and severally for $3,000.

After trial, EMC and Compass jointly requested costs and expert fees and Litt requested costs. The court found that Litt was the prevailing party as to Compass and EMC was the prevailing party as to Litt, but declined to award EMC its post-section 998 offer expert fees that were incurred and/or paid by Compass pursuant to an indemnity agreement between them.

EMC and Compass argue that the court should have treated them "as one" for purposes of recovering costs and expert fees and, in any event, it should have awarded EMC its post-section 998 offer expert fees paid by Compass. We conclude that the court correctly considered EMC and Compass separately for purposes of its prevailing party determination, but that it erred in denying EMC recovery of expert witness fees that were paid by Compass. Accordingly, we reverse the orders in that regard and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Litt suffered a personal injury in an EMC hospital cafeteria, when his head struck a partially closed gate. A year later, Litt filed a complaint against EMC for negligence. On April 7, 2011, EMC served a section 998 offer on Litt to settle the case for $15,000. Litt did not accept EMC's section 998 offer before it expired by law. Thereafter, Litt amended his complaint to add Compass, which operated the cafeteria under a contract with EMC, as a defendant. Compass did not serve a section 998 offer on Litt.

2

EMC and Compass retained several medical experts to rebut the nature and extent of Litt's claimed injuries and damages.  Although certain of the experts' invoices predated Compass's appearance in the case, subsequent to its appearance, Compass paid all of EMC's costs and expert fees pursuant to an indemnity provision between them.

At the outset of trial in October 2012, all parties orally stipulated in court that EMC and Compass would be "treated as one" for purposes of the trial.  The jury returned a verdict for Litt and against defendants for $3,000.

After the trial, EMC and Compass jointly requested $135,755 in costs, $124,662 of which was for section 998 expert fees.  Litt moved to strike and/or tax costs, arguing in part that EMC could not recover its post-section 998 offer expert fees because Compass had actually incurred and paid them, that Compass was not a prevailing party because it had not served a section 998 offer, and that one of the expert's fees were unreasonable.  EMC and Compass opposed Litt's motion, arguing that EMC's 998 offer was valid and that the actual payor of EMC's post-section 998 offer costs was irrelevant.  EMC and Compass also submitted evidence supporting the reasonableness of the challenged expert fees.

Litt requested costs of $8,085.24, which EMC and Compass jointly moved to strike and/or tax.  EMC and Compass argued that Litt could not recover any costs postdating EMC's section 998 offer because EMC and Compass were the prevailing parties.  Litt opposed EMC and Compass's motion on similar grounds as his motion to strike and/or tax costs.

3

The court found that Litt was the prevailing party as to Compass and thus could recover all of his costs against it, but could only recover his pre-section 998 offer costs against EMC. The court reasoned that EMC was the prevailing party as to Litt because he did not obtain a judgment more favorable than EMC's section 998 offer. As a result, the court concluded that EMC was entitled to recover any post-section 998 offer costs that EMC actually incurred. Nonetheless, the court struck all of EMC's costs incurred after the date Compass appeared in the action because those costs were incurred and/or paid by Compass.[2] The court concluded that "to hold otherwise could allow a nominal defendant in a jointly represented multiple defendant case to recover all costs of all defendants even though plaintiff prevailed and was entitled to recover his costs as to one or more of the other defendants."

DISCUSSION

EMC and Compass argue that (1) the court should have treated them both as prevailing parties based upon the parties' stipulation that they would be treated as one for purposes of the trial; (2) even if they were properly treated separately, the court erred in striking EMC's post-section 998 offer costs and expert fees because the actual payor is irrelevant as a matter of law; (3) if they were properly treated separately, the court should

---

[2] The trial court also disallowed EMC's costs prior to date of expiration of EMC's section 998 offer. Although section 998 permits recovery of expert fees incurred "from the time of the offer" (§ 998, subd. (c)(1)), EMC and Compass have not asserted any claim of error as to this point and thus have forfeited the issue.

4

have awarded EMC at least one half of total post-section 998 offer costs; and (4) Litt is not entitled to recover any expert fees.

Ordinarily, review of a trial court's determination that a litigant is a prevailing party and the reasonableness of a section 998 award is for an abuse of discretion. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332; *Santantonio v. Westinghouse Broadcasting Co.* (1994) 25 Cal.App.4th 102, 121.) However, de novo review is required where the matters before the appellate court involve the resolution of questions of law, rather than the resolution of disputed facts. (*Goodman*, *supra*, 47 Cal.4th 1327 at p. 1332; *Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 779-780.) In this case, we review the trial court's rulings de novo to the extent that defendants' appeal raises issues of law by asserting the court misapplied section 998 and applicable case law.

I

First, EMC and Compass argue that the court should have treated them both as prevailing parties. We disagree based on the fact that only EMC made a section 998 offer to Litt. Litt was a prevailing party vis-à-vis Compass under section 1032, which defines "prevailing party" as including "the party with a net monetary recovery." (§ 1032, subd. (a)(4).) However, Litt was not a prevailing party as to EMC under section 998 because "a losing defendant whose settlement offer exceeds the judgment is treated for purposes of postoffer costs *as if* it were the prevailing party." (*One Star, Inc. v. STAAR Surgical Co.* (2009) 179 Cal.App.4th 1082, 1089; see also *Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1112 ["Section 998 modifies the general rule of section 1032

5

that only the prevailing party recovers its costs."].)  Thus, the court correctly found that Litt prevailed as to Compass, but EMC was the prevailing party as to Litt.

EMC and Compass argue for the first time on appeal that the parties' stipulation that they would be "treated as one" for purposes of trial had the legal effect of affording Compass the same section 998 rights as EMC.[3]  Litt argues in response that (1) the issue cannot be raised for the first time on appeal, and (2) the stipulation did not and cannot be understood to cover EMC's section 998 offer.

We agree that the argument has been waived.  (*Martinez v. Scott Specialty Gases, Inc.* (2000) 83 Cal.App.4th 1236, 1249 [declining to consider point that "was neither considered nor ruled upon by the trial court"].)  Even if EMC and Compass had raised the issue with the trial court, a stipulation that defendants would be treated as one for purposes of "trial" cannot reasonably be interpreted to incorporate the section 998 offer that had expired long before trial.  Therefore, the court correctly analyzed EMC and Compass separately to determine prevailing party status.

II

Next, EMC and Compass argue that if they were properly treated separately, the court erred in striking EMC's post-section 998 offer costs and expert fees on the basis that Compass actually incurred and/or paid those costs and expert fees through an

---

3    EMC and Compass concede that the issue was never expressly argued before the trial court, but contend that filing a joint memorandum of costs is a clear indicator that they were treating their costs jointly pursuant to stipulation.  Notably, however, the memorandum of costs did not make any reference to the parties' trial stipulation and, even if it had, this would not have been binding on Litt.

6

indemnification provision. Following statutory language and case law, EMC and Compass argue that the actual payor is irrelevant. We agree.

Section 1033.5, which sets forth categories of items that may or may not be recovered as costs, states that "[c]osts are allowable if incurred, whether or not paid." (§ 1033.5, subd. (c)(1).) Section 998 provides in pertinent part:

> "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, . . . the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, . . . *actually incurred* and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant." (§ 998, subd. (c)(1), italics added.)

Under the code's cost-shifting provisions, there is "no requirement that a party claiming costs must have personally incurred the obligations enumerated in the memorandum." (*Ceranski v. Muensch* (1943) 60 Cal.App.2d 751, 754 [discussing former §§ 1032, 1033] (*Ceranksi*).) In *Ceranski*, prevailing defendants' cost bill was challenged on the ground that their insurance company had actually paid the litigation costs and that the insurance contract stated that defendants were not obligated for the costs. (*Ibid.*) The court explained that:

7

"Defendants incurred legal liability to pay the costs of litigation even though some other party may have agreed to reimburse them or to pay all the expenses of the litigation. It must be taken for granted that defendants expended a sum of money to procure the insurance policy by which the insurance carrier agreed to pay the costs of the defense of an action brought against them for damages." (*Id.* at pp. 754-755.)

Accordingly, the court found the defendants could recover their costs.

Specifically, section 998 expert witness fees need not be "personally incurred" by the party seeking them to be recoverable. (*Skistimas v. Old World Owners Assn.* (2005) 127 Cal.App.4th 948, 952 (*Skistimas*).) In *Skistimas*, prevailing defendants were board members of a homeowners association (Association), and they had made section 998 settlement offers to Skistimas while the Association itself had not. (*Id.* at pp. 950-951.) The issue was whether prevailing defendants could recover their expert witness fees even though the Association's insurance carrier had paid those fees. (*Id.* at pp. 951-952.) The court drew a distinction between "personally" incurred fees (services that one is personally obligated to pay) and "actually" incurred fees (services performed on one's behalf that one is not necessarily personally obligated to pay). (*Id.* at p. 952.) It found that section 998 only strictly requires that expert witness costs have been "actually incurred" and concluded, "Whether the individual defendants paid the fees out of their own pockets or their insurer paid the fees on their behalf should not be determinative of their right to recover those fees." (*Ibid.*)

Applying the above principles, we find the trial court erred by striking all of EMC's costs and expert witness fees postdating Compass's appearance in the case. The record demonstrates that EMC used experts and incurred fees for legal services, including

8

court reporters, in preparation for and during trial. Like in *Ceranski*, EMC incurred legal liability to pay the costs of litigation even though Compass agreed to indemnify it for its litigation expenses. Like in *Skistimas*, EMC actually incurred costs and expert witness fees irrespective of whether those costs were personally incurred. We are unpersuaded that Compass's joinder and status as a codefendant alters the guiding principles. For example, had Litt dismissed Compass several months after adding Compass as a defendant, EMC would have still "actually incurred" legal liability to pay jury fees or court reporter costs.

We acknowledge that Litt prevailed as to Compass, and it appears after a certain date, EMC and Compass were jointly incurring costs. We express no opinion on how costs should be apportioned, leaving that to the sound discretion of the trial court. Also, the court will need to reach the issue of the reasonableness of the challenged expert's fees. For these reasons, we remand the matter to the trial court for further determination on the expert witness fee award.

### III

Finally, EMC and Compass argue that, even if Litt prevailed as to Compass, he was not entitled to recover any expert fees. As discussed, *ante*, the trial court correctly decided that Litt prevailed as to Compass. EMC and Compass argue the court awarded Litt section 998 expert fees despite that Litt did not make a section 998 offer and expert fees are not otherwise allowed under section 1033.5. Litt argues the challenged amounts plainly refer to costs for the taking and transcribing of two of defendants' experts' depositions, and deposition-related costs are recoverable under section 1033.5,

9

subdivision (a)(3). On the face of Litt's memorandum of costs, the challenged amounts are listed as "deposition costs"—not "expert fees."

EMC and Compass have waived their argument on appeal. (*Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, 644-645 [declining to consider contention made for first time on appeal that trial court did not properly scrutinize itemized expenses].) In their motion to strike and/or tax costs filed with the trial court, EMC and Compass did not move to strike any costs claimed by Litt on the ground that they were "expert witness fees"; rather, EMC and Compass argued that each and all of Litt's post-section 998 offer costs were not recoverable on the ground that Litt was not the prevailing party pursuant to section 998. Because the issue was not raised, neither Litt nor the court addressed the supposed distinction between expert fees and deposition costs.

In any event, the court did not abuse its discretion in determining Litt's cost award. Litt's costs appeared facially proper. (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 131 ["the verified memorandum is prima facie evidence that the costs, expenses and services therein listed were necessarily incurred"].) The burden was on EMC and Compass to specifically state their grounds for objection and adduce rebuttal evidence as needed. (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 71 [when cost item appears proper on its face, burden is on the objecting party to show the costs to be unnecessary or unreasonable].) Here, EMC and Compass did not show the challenged amounts were fees paid to defendants' experts as opposed to permissible deposition-related costs. Consequently, the trial court did not abuse its discretion in determining Litt's cost award.

DISPOSITION

The order striking all of EMC's costs incurred after Compass's appearance in the action is reversed.  The matter is remanded to the trial court for further proceedings as to the fees and costs to be awarded to EMC.  The orders striking and/or taxing costs are otherwise affirmed.  Each party shall bear its own costs on appeal.


NARES, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

11