Filed 12/21/20  Mazed v. Leech, Tishman, Fuscaldo & Lampl CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| MOHAMMAD A. MAZED<br><br>Plaintiff and Appellant,<br><br>v.<br><br>LEECH, TISHMAN, FUSCALDO & LAMPL, LLP, et al.,<br><br>Defendants and Respondents. | B297193<br><br>(Los Angeles County Super. Ct. No. BC654452) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph R. Kalin and Robert S. Draper, Judges.  Affirmed.

The David Epstein Law Firm and David G. Epstein for Plaintiff and Appellant.

Nemecek & Cole, Jonathan B. Cole, Mark Schaeffer and Vikram Sohal for Defendants and Respondents.

———————————

Mohammad A. Mazed appeals the trial court's rejection of his legal malpractice claim. Two fatal procedural problems infect his appeal. First, Mazed relies solely on an appellate argument he did not properly brief in the trial court. Second, Mazed's appellate briefing is deficient. We therefore affirm.

I

Plaintiff and appellant Mohammad Mazed had a financial dispute with his former patent lawyer, respondent Ivan Posey. (We refer to Posey and his law firm, respondent Leech, Tishman, Fuscaldo & Lampl, LLP, collectively as Posey.) Posey asked Mazed to pay about $20,000 in legal fees. Mazed claimed he owed nothing and sued for a declaratory judgment saying so. Mazed's complaint had nine counts. One was for legal malpractice.

Mazed filed a first amended complaint. It is the operative pleading. This complaint alleged three areas of dispute. First, Mazed continued to seek a declaratory judgment he owed Posey nothing. Second, Mazed claimed *Posey* owed *Mazed* money for serving as Posey's expert witness. Third, Mazed increased the number of his legal malpractice allegations to three:

1. Posey did not properly act upon a notice.
2. Posey made errors in materials Posey submitted to the patent office on Mazed's behalf.
3. Posey injured Mazed through "diminution of foreign patent rights."

Posey responded with a counterclaim against Mazed, asserting Mazed did owe Posey money.

Posey moved for summary judgment and adjudication. Mazed filed an 11-page brief in opposition, with voluminous attachments.

2

The trial court granted Posey's motion on Mazed's third malpractice count, which is all that remains at issue. The court ruled Posey's alleged malpractice could not have harmed Mazed because the time to seek international patent protection passed before Mazed retained Posey.

Mazed moved for reconsideration. The trial court denied this motion because Mazed could not point to a new fact or a new legal development since the court's summary adjudication ruling.

Mazed appealed. His lone issue on appeal focuses only on his third legal malpractice issue; he excludes other issues.

The substance of Mazed's appellate argument is the trial court misapplied patent law by starting a time clock too soon. The trial court, Mazed submits, started a 12-month clock on a date in 2006. Mazed argues the proper date was 2012. Key to this argument is Mazed's contention his patent application was a particular kind called a continuation-in-part application. A continuation-in-part adds new matter to an earlier patent application. (See, e.g., The United States Patent and Trademark Office, Manual of Patent Examining Procedure, § 201.08 Continuation-in-Part Application <https://www.uspto.gov/web/offices/pac/mpep/s201.html#ch200_d 1ff71_198a2_222> [as of Dec. 17, 2020], archived at <https://perma.cc/CHY4-YK2W>.) Mazed says this fact about his patent application moved the timing trigger from 2006 to 2012.

II

Mazed appeals on the basis of his continuation-in-part argument, but his brief in the trial court did not state this argument. In the trial court, Mazed unjustifiably reserved his briefing on this topic to a motion for reconsideration. The trial

3

court properly denied Mazed's motion for reconsideration.  We therefore affirm.

Posey identifies this problem with Mazed's appeal.  Posey quotes the entirety of the pertinent bit of Mazed's opposition brief from the trial court.  This bit consists of four sentences only.  None of Mazed's four sentences mentions continuations-in-part, or indeed any legal authorities at all.

This problem is lethal, for we may review only those material issues framed by the pleadings and presented to the trial court.  (*Martinez v. Scott Specialty Gases, Inc.* (2000) 83 Cal.App.4th 1236, 1244.)  An appellant must raise its point in the trial court before an appellate court will review that point.  (See *Litt v. Eisenhower Medical Center* (2015) 237 Cal.App.4th 1217, 1222.)  For this reason, we generally will not consider an argument or theory if it is raised for the first time on appeal.  (*American Continental Ins. Co. v. C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281.)  In reviewing attacks on summary judgments, the appellate court must disregard possible theories appellants did not fully state to the trial courts.  (*Havstad v. Fidelity Nat. Title Ins. Co.* (1997) 58 Cal.App.4th 654, 661.)

These principles of appellate review doom Mazed's appeal, for Mazed never briefed his continuation-in-part argument to the trial court.

Only *after* the trial court granted summary judgment did Mazed brief his continuation-in-part argument.  This was in Mazed's motion for reconsideration.

This was too late.  For vital reasons, the law severely restricts the proper scope of reconsideration motions.

The proper scope for reconsideration is designedly small.

Reconsideration motions are proper when the law has changed after a court has ruled, as when an appellate court issues a new precedent that changes a trial court's legal analysis. And reconsideration motions can also be proper if facts come to light that a *diligent* party could not previously have discovered. For sound reasons, courts strictly enforce this essential requirement of diligence. (E.g., *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839–840.)

Motions for reconsideration are improper when the losing party merely thinks up a snappier response after the court has ruled and the battle is lost.

The trial court properly applied this law to deny Mazed's motion for reconsideration: Mazed had no justification for failing to put his continuation-in-part argument in his original briefing. This ruling was correct. Mazed recounts but does not attack this ruling.

Indeed, Mazed could not separately appeal the denial of his reconsideration motion. (Code Civ. Proc., §1008, subd. (g) [an order denying a motion for reconsideration is not separately appealable, and can be appealed only if the order that was the subject of the motion for reconsideration is appealable and indeed has been appealed); see *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576–1577.)

For this additional reason, it was essential for Mazed to brief his continuation-in-part argument in opposition to Posey's summary judgment motion.

In his reply to us, Mazed instead says he *did* place his continuation-in-part argument before the trial court. Mazed

5

asserts the record "reflects these concepts." This euphemism is inadequate.

Mazed's lawyer had to do more than create a record that "reflects these concepts." He had to do what lawyers always do during the summary judgment process: write a brief identifying the pertinent legal authorities and showing how these legal authorities control the dispute at hand.

Something outside the brief attached to something else that reflects concepts is not sufficient.

We demonstrate this point by examining the two record citations Mazed offers to support his claim that the trial court record reflects the concept of his continuation-in-part argument. Neither is sufficient.

Mazed's first record cite is to a three-sentence paragraph of a declaration accompanying Mazed's summary judgment opposition. This paragraph contains no legal citations. The declaration is from a non-lawyer: it is from Mazed himself. And this citation is to a *declaration*, which is no place for argument of any sort. Declarations are witness testimony in written form. Witnesses testify to facts. The lawyers, not the witnesses, present the law. Mazed's opposition brief in the trial court lost sight of this fundamental.

Mazed's second citation is to an exhibit to Mazed's declaration. This exhibit is a one-page note to "Mohammad Mazed" from one "Alexander Schlee." The note starts off "Dear Mohammad" and ends with "Best regards, Alex." The note contains no citations to cases, statutes, or treaties. It consists of unsubstantiated assertions. This exhibit to a declaration cannot stand in for legal reasoning in a brief.

6

III

There is a second problem as well. Mazed's appellate briefing is deficient.

A fundamental of appellate review is that we begin by presuming the trial court reached the right result. (E.g., *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) We do not presume trial courts always err; that approach would run against common sense and common experience. Thus the appellant must demonstrate error or will lose the appeal. (*Id.* at p. 609 [appellate court affirms judgment if appellant cannot overcome this presumption].)

To demonstrate error, an appellant must supply the reviewing court with cogent argument supported by legal analysis and citation to the record. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 (*United Grand*).)

We are not obliged to create arguments for an appellant, nor are we obliged to speculate about which issues counsel intend to raise. (*United Grand*, *supra*, 36 Cal.App.5th at p. 153.) We are not bound to develop appellants' arguments for them. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

We disregard conclusory arguments a brief does not support with pertinent legal authority. We likewise disregard arguments that fail to disclose the reasoning by which appellants reached the conclusions they want us to adopt. (*United Grand*, *supra*, 36 Cal.App.5th at p. 153.)

The record in this case consists of nine volumes containing 2,139 pages. Standard principles of appellate review required Mazed to give page citations so an appellate court knows where to go in these thousands of pages.

7

We give some examples of how the appellant's briefing did not comply with standard principles of appellate review.

Mazed presents some of his argument through figures and diagrams. He labels his Figure 1 as "USPTO Record of Mazed's Patent and Also Presented In Mazed's Declaration On April 29, 2018." This caption does not give a page citation to the record where this material is to be found, if it is indeed in the record. The figure shows a portion of one page of a patent, with the patent's number excluded. There is no record citation for this patent or statement this patent is in the record.

The next page of this brief makes assertions about "eight new inventions" that supposedly are the new matter that is important to the logic of Mazed's argument. There are no record citations.

The brief repeats this unsubstantiated assertion a few pages later: again there is no record citation.

Mazed's brief makes further assertions about the international patenting process. Again there are no legal or record citations.

Another figure appears in this brief. The brief gives a hyperlink as the source of this material, asserting the link leads to a website of the "Israeli Government Patent Office." This raises questions the brief does not answer. Is this case governed by Israeli law or practice? If so, why? If Israeli law or custom does not govern here, why is this information pertinent?

The brief next offers a block quotation of "Rule 4.10." These pages do not identify the source of this material or give a citation allowing readers to validate the accuracy of the quotation. The next pages follow up with an unidentified block quote of "Rule 4.11." The final paragraph on the page asserts

"This Rule means that . . . ." without further identification of what this rule is, where it is to be found, why that meaning is pertinent to this case, or what legal authority should prompt the reader to credit this assertion about the meaning of this unidentified rule.

Soon there is another diagram of mysterious provenance. It is a decisionmaking flow chart. Is this flow chart a visual aid crafted by Mazed and his attorney? Or is it from some publication? Is Mazed suggesting the court should defer to this diagram as an authoritative statement of law? If so, what is the source of that legal authority? And where is the citation?

It is possible, but would serve no purpose, to continue this litany. Mazed's briefs are not sufficient to show error. (*United Grand*, *supra*, 36 Cal.App.5th at p. 153.)

### IV

We deny Mazed's request for judicial notice as moot. The same goes for Posey's motion to strike.

### DISPOSITION

We affirm the judgment and award costs to respondents.


WILEY, J.


We concur:


BIGELOW, P. J.



STRATTON, J.



9