Filed 6/24/21  Mass v. City of San Diego CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| HOWARD J. MASS et al., | D077680 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2018-00009001-CU-EI-CTL) |
| CITY OF SAN DIEGO, | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

David A. Kay, for Plaintiffs and Appellants.

Mara W. Elliott, City Attorney, George F. Schaefer, Assistant City Attorney, and Tyler L. Krentz, Deputy City Attorney, for Defendant and Respondent.

This is an appeal from an order granting in part and denying in part a postjudgment motion to tax costs.  Although the motion was directed to a number of items claimed in a memorandum of costs, all that is at issue on appeal is whether the trial court erred in denying the motion as to $27,926.41

in expert costs pursuant to Code of Civil Procedure section 998.[1] The appellants are plaintiffs Howard J. Mass, Nancy M. Mass, and Jeanine Coffman (together Plaintiffs), and they were the moving parties in the trial court. The respondent is the City of San Diego (City), and it was the opposing party in the trial court.

According to Plaintiffs, "the issue here is whether the trial court correctly placed the burden of disputing expert witness fees on the opponent of the costs." As we explain, the answer is "yes." As the party opposing the motion to tax costs in the trial court, the City had the burden *only* to the extent Plaintiffs, as the moving parties, argued that the section 998 costs claimed by the City were not properly authorized. However, since Plaintiffs' objections to the section 998 costs were limited to whether the City's section 998 offer was "made in good faith" and supported by sufficient "information"—*and did not challenge whether the costs were authorized*—at all times Plaintiffs had the burden of persuasion and proof in the trial court.

Since Plaintiffs' appeal presents no argument based on *Plaintiffs* having the burden in the trial court, Plaintiffs present no argument on appeal that establishes reversible error. Accordingly, we affirm the postjudgment order.

## I. INTRODUCTION

In a related appeal decided this same date, we affirmed the trial court's judgment in this case. (*Mass v. City of San Diego* (June 24, 2021, D077307) [nonpub. opn.].) In *Mass*, Plaintiffs appealed from a judgment in favor of the City following the trial court's grant of the City's motion for summary

---

[1] Subsequent undesignated statutory references are to the Code of Civil Procedure.

judgment. In short, we concluded that Plaintiffs did not meet their burden of establishing reversible error, because they did not establish a triable issue of material fact as to either: whether the brow ditch that crossed Plaintiffs' backyards provided a public benefit, or whether the City explicitly or implicitly approved or accepted the brow ditch as a public improvement. Because the parties and counsel, who are the same in both appeals, are familiar with the underlying facts, claims, issues, and rulings in *Mass*, in this opinion there is no need to go into any detail regarding the prejudgment events.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In November 2019, the trial court entered judgment in favor of the City and against Plaintiffs.

In December 2019, the City filed a section 1033.5 memorandum of costs, in which it claimed, among other items, "Discretionary Expert Witness Fees Pursuant to Rejected . . . § 998 Offer." (Bolding and underscoring omitted.) In its verified memorandum, as section 998 costs, the City identified nine invoices from four different experts totaling $27,926.41 in fees and expenses, explaining:

> "The court has discretion to award these costs, which are recoverable pursuant to . . . §§ 998[, subdivision ](c)(1), 1032, and 1033.5[, subdivision ](a)(16), as a result of Plaintiff's [*sic*] rejection of Defendant's Offer to Compromise, which was made on June 12, 2019, and Plaintiff's [*sic*] subsequent failure to obtain a more favorable judgment. (All expert fees listed herein were incurred post-offer.)"

The next month, Plaintiffs filed a motion to tax costs. As relevant to the issues in this appeal, Plaintiffs challenged the City's section 998 expert witness costs on the basis the City did not make its section 998 offer in good faith. More specifically, Plaintiffs argued that, in determining

3

reasonableness, (1) the City did not provide sufficient supporting documentation for the amounts claimed, and (2) the court failed to consider Plaintiffs' economic resources. Plaintiffs did not include copies of the section 998 offers they were challenging or evidence of their economic resources.

The City filed an opposition, Plaintiffs filed a reply to the opposition, and the court presided over a hearing on the motion.

In a written order filed February 14, 2020, the court ruled: The City served separate unconditional offers to compromise on Coffman (in the amount of $7,000) and on the Masses (in the amount of $14,000); and Plaintiffs failed to establish that either of the offers was not reasonable based upon the information known to the parties as of the date of each offer. (February 2020 Order).

Plaintiffs timely appealed from the February 2020 Order.

### III. DISCUSSION

Plaintiffs raise two arguments on appeal. First, Plaintiffs contend that, by filing their motion to tax costs, the burden fell on the City to establish that its section 998 offers to Plaintiffs (1) "were not conditional on both parties [i.e., the Masses and Coffman] accepting [their respective offers]," and (2) were "reasonable considering the evidence available at the time [the offers were] made." Second, Plaintiffs contend the trial court failed to "properly consider whether the imposition of such a large cost bill on two middle class homeowners would improperly discourage other homeowners from filing legitimate claims against the City."

According to Plaintiffs, the premise for their arguments is that the trial court erred by placing the burden of disputing the section 998 expert witness costs on *Plaintiffs* (as the party opposing the costs), rather than on the City

4

(as the party seeking the costs). We disagree. As we explain, because Plaintiffs are unable to establish the burden-of-proof premise for their appellate arguments, Plaintiffs have not established reversible error.

A.

The Legislature adopted section 998 "to encourage early settlement of lawsuits to avoid the time delay and economic waste of trial, and to reduce the number of meritless lawsuits by requiring the losing party to pay the costs incurred by the prevailing party." (*Culbertson v. R. D. Werner Co., Inc.* (1987) 190 Cal.App.3d 704, 711.) Section 998 achieves its goal by "*punish*[*ing*] *the plaintiff* who fails to accept a reasonable offer from a defendant." (*Ibid*.; accord, *Heritage Engineering Construction, Inc. v. City of Industry* (1998) 65 Cal.App.4th 1435, 1439 [§ 998 is "a cost-shifting statute which encourages the settlement of actions, by penalizing parties who fail to accept reasonable pretrial settlement offers"].) Section 998 applies to inverse condemnation proceedings. (*Regency Outdoor Advertising, Inc. v. City of Los Angeles* (2006) 39 Cal.4th 507, 530.)

" 'When a defendant perceives himself to be fault free and has concluded that he has a very significant likelihood of prevailing at trial, it is consistent with the legislative purpose of section 998 for the defendant to make a modest settlement offer. If the offer is refused, it is also consistent with the legislative intent for the defendant to engage the services of experts to assist him in establishing that he is not liable to the plaintiff. It is also consistent with the legislative purpose under such circumstances to require the plaintiff to reimburse the defendant for the costs thus incurred.' " (*Melendrez v. Ameron Internat. Corp.* (2015) 240 Cal.App.4th 632, 650.)

Where, as here, a plaintiff refuses a defendant's section 998 offer and then fails to obtain a more favorable judgment, not only is (1) a plaintiff

5

precluded from recovering its costs incurred after the offer was made and (2) a defendant entitled to recover its costs incurred after the offer was made, but also (3) the trial court has the discretion to order a plaintiff to pay some or all of a defendant's expert witness expenses. (§ 998, subd. (c)(1).[2]) In denying Plaintiffs' motion to tax as costs the City's expert witness expenses, the trial court exercised its discretion by requiring Plaintiffs to pay these expenses.

B.

" '[T]he right to recover costs is purely statutory, and, in the absence of an authorizing statute, no costs can be recovered. . . .' " (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439, disapproved on another ground in *Williams v. Chino Valley Independent Fire Dist.* (2015) 61 Cal.4th 97, 106-107.)

Section 1032 controls the award of costs in trial court litigation. (*Charton v. Harkey* (2016) 247 Cal.App.4th 730, 737.) Subdivision (b) provides in full: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

Section 1033.5, subdivision (a)(1)-(15) identifies 15 specific cost items which a prevailing party is entitled to recover as a matter of right (e.g., filing,

---

[2] In full, section 998, subdivision (c)(1) provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant."

motion, jury, witness, court-appointed expert, and court reporter fees, to identify some of the more common ones).  In addition, as a catchall, section 1033.5, subdivision (a)(16) provides that a prevailing party is also entitled to recover "[a]ny other item that is required to be awarded . . . *pursuant to statute* as an incident to prevailing in the action[.]"  (Italics added.)  Section 998 is such a statute. (See *Wagy v. Brown* (1994) 24 Cal.App.4th 1, 8 [a § 998 award of interest "is an item of costs" under § 1033.5, subd. (a)(16)].)

Correspondingly, section 1033.5, subdivision (b)(1) provides that parties may not recover expert witness fess as costs, "except when expressly authorized by law."  Notably, such "express authorization exists in instances . . . when the judgment awarded is lower than a rejected settlement offer" under section 998.  (*First Nationwide Bank v. Mountain Cascade, Inc.* (2000) 77 Cal.App.4th 871, 876 (*First Nationwide Bank*); accord, *LAOSD Asbestos Cases* (2018) 25 Cal.App.5th 1116, 1126 (*LAOSD*).)  Section 998 contains such express authorization at subdivision (c).  (See fn. 2, *ante*.)

C.

"If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary.  On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas v. California State Automobile Assn.* (1993) 19 Cal.App.4th 761, 774 (*Ladas*).)  The trial court's determination that a cost item was reasonably necessary to the litigation is reviewed for abuse of discretion.  (*Ibid*.)

" '[I]f the items on a verified cost bill appear proper charges they are prima facie evidence that the costs, expenses and services therein listed were

necessarily incurred.' " (*Wagner Farms, Inc. v. Modesto Irrigation Dist.* (2006) 145 Cal.App.4th 765, 773-774.)  In such event, the "burden is on the *objecting party* to show the costs to be unnecessary or unreasonable." (*Litt v. Eisenhower Medical Center* (2015) 237 Cal.App.4th 1217, 1224, italics added; accord, *Whatley-Miller v. Cooper* (2013) 212 Cal.App.4th 1103, 1115 (*Whatley-Miller*).)

D.

Plaintiffs argue that, once they filed their motion to tax costs, the City had the burden of proving that each of the two offers (one to Coffman, one to the Masses) was unconditional.  On the present record, we disagree.  That is because if a cost item is authorized, then the burden is on the party seeking to tax costs—here, Plaintiffs—to demonstrate that the item at issue was not reasonable or necessary. (*Ladas*, *supra*, 19 Cal.App.4th at p. 774.)

We acknowledge that the mere filing of a motion to tax costs *may*, in certain circumstances, be the type of an objection to place at issue whether a specific cost item is "proper"—meaning authorized—in which event the burden of proof in the trial court is on the party claiming it as a cost. (*Ladas*, *supra*, 19 Cal.App.4th at p. 774.)  The costs at issue in this appeal, however, are expert witness expenses under section 998—which are expressly authorized by law (*LAOSD*, *supra*, 25 Cal.App.5th at p. 1126; *First Nationwide Bank*, *supra*, 77 Cal.App.4th at p. 876).  Thus, since the cost item here " ' "appear[s] to be [a] proper charge[ ], . . . the burden of showing that [this] item is not properly chargeable or is unreasonable *is upon the* [*objecting party*]." ' " (*Whatley-Miller*, *supra*, 212 Cal.App.4th at p. 1115, italics added; accord, *Ladas*, at p. 774.)  Here, Plaintiffs are the objecting parties.  Under these circumstances, because " 'the [City's] verified memorandum is prima facie evidence the [expert witness] expenses were necessarily incurred by the'

8

[City], . . . [t]o controvert this evidence, the burden is on [Plaintiffs] to present *evidence* showing the contrary." (*Whatley-Miller*, at p. 1115.)

Here, in their presentation in the trial court, Plaintiffs did not attempt to meet *either* burden. The entirety of the evidence Plaintiffs submitted in support of their motion was a declaration from trial counsel, in which: (1) he described generally each of the separate section 998 offers the City made to Coffman and the Masses; (2) he explained the status of the discovery at the time of the City's section 998 offers in June 2019 (16 months after the filing of the action); (3) he testified that the City filed its summary judgment motion in August 2019 (18 months after the filing of the action); and (4) he authenticated the City's memorandum of costs (in which the City claimed expert witness expenses under § 998) and portions of his three clients' deposition transcripts. From this evidence—*which did not include either of the City's section 998 offers*—the trial court did not err in ruling that Plaintiffs did not meet their burden of establishing that either offer was not made in good faith or lacked supporting information.

On appeal, Plaintiffs present their arguments a bit differently, but the premise for each is that the City did not, and cannot, meet its burden of establishing the sufficiency of each of its section 998 offers.[3] As we explained *ante*, since the City's claim for expert witness expenses was statutorily authorized—as expressly set forth *both* in the City's memorandum of costs

---

[3] On appeal, Plaintiffs argue that the City had the burden to establish that its section 998 offers to Plaintiffs: (1) "were not conditional on both parties [i.e., the Masses and Coffman] accepting [their respective offers]"; and (2) were "reasonable considering the evidence available at the time [the offers were] made."

*and* in Plaintiffs' motion to tax costs[4]—Plaintiffs, not the City, had the burden of showing that the City's expert witness expenses were either not properly chargeable or unreasonable. (*Whatley-Miller*, *supra*, 212 Cal.App.4th at p. 1115; *Ladas*, *supra*, 19 Cal.App.4th at p. 774.)

E.

Without mentioning the burden of proof in the trial court, Plaintiffs additionally argue on appeal that, because the court "did not perform any analysis of the relative economic positions of the parties," the court "did not properly consider whether the imposition of such a large cost bill on two middle class homeowners would improperly discourage other homeowners from filing legitimate claims against the City."[5]

In support of their argument, Plaintiffs rely on *Seever v. Copley Press, Inc.* (2006) 141 Cal.App.4th 1550, an employment case under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.). In *Seever*, the plaintiff employee lost his age and disability discrimination case, and the employer sought an award of discretionary expert witness costs because the employee did not accept the employer's section 998 offer. (*Seever*, at pp. 1553, 1555, 1560-1561.) The appellate court reversed an award of section 998

---

[4] In its memorandum of costs, the City sought "Discretionary Expert Witness Fees Pursuant to Rejected . . . *§ 998 Offer.*" (Bolding and underscoring omitted; italics added.) In its motion, Plaintiffs sought to tax "Discretionary Witness Fees Pursuant to Rejected . . . *§ 998 Offer.*" (Bolding omitted; italics added.)

[5] In the trial court, Plaintiffs argued that the section 998 costs should be taxed, because "Plaintiffs do not have the same financial means as the City." Notably, Plaintiffs present no authority for the proposition—and we are aware of none—that, in order to make a section 998 cost award, the court must find that the parties have (at least) the same financial means.

expert witness costs and remanded for a new evidentiary hearing, because the trial court "made no inquiry about [the former employee's] financial situation" before awarding the costs. (*Id*. at pp. 1562-1563.) According to the opinion, in determining reasonableness, "the trial court also must take account of the offeree's economic resources in determining what is a 'reasonable' cost award." (*Id*. at p. 1561.)

The entirely of Plaintiffs' argument on appeal reads:

> "The City is a government agency with taxing powers, a large staff of attorneys and a substantial budget for litigation. [¶] On the other side are three middle class homeowners. Nancy Mass is a retired schoolteacher who has not worked since 2008. [Citation to her deposition.] Howard Mass is a retired schoolteacher who has not worked in the previous 14 years. [Citation to his deposition.] Jeanine Coffman is a nurse for Kaiser Permanente, employed there for 2½ years prior to her deposition. [Citation to her deposition.] She owned the subject property as a rental, and two additional single family home rentals in the same neighborhood. [Citation to her deposition.]"

Plaintiffs present no evidence or record reference for their assertion regarding the City's taxing powers, legal staff, or litigation budget.

In support of their statement that they are "middle class homeowners," Plaintiffs do not define or describe what they consider "middle class." Moreover, they cite only to evidence from their prejudgment depositions in which: Howard Mass testified that he has been retired from teaching for 14 years; Nancy Mass testified that she has been retired from teaching for 12 years; and Jeanine Coffman testified that she works as a nurse and owns at least three rental homes in the neighborhood of the Maisel Way

properties.[6] As presented, the evidence of each of Plaintiffs' current employment status is irrelevant to the issue of "economic resources." Without more information—e.g., evidence of assets and liabilities—Plaintiffs have not presented evidence (or inferences from evidence) to support a finding of lack of economic resources.

In any event, the trial court expressly found that "awarding expert costs [against Plaintiffs] is not inequitable." As Plaintiffs acknowledged in the trial court, "Whether a cost is reasonable is a question of fact." Substantial evidence—e.g., each of Plaintiffs' employment status and some of Plaintiffs' real estate holdings—supports the court's finding. Accordingly, Plaintiffs did not meet their burden of establishing that the trial court abused its discretion in awarding the City its section 998 expert witness costs.

---

[6] At her deposition, Coffman would not answer questions regarding the extent of her real estate holdings, other than to state that she owns the Maisel Way property at issue in the litigation and two additional homes within a mile of it.

## IV.  DISPOSITION

The February 2020 Order is affirmed.  The City is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


IRION, J.

WE CONCUR:



BENKE, Acting P. J.



GUERRERO, J.