Filed 9/8/22

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CELL-CRETE CORPORATION, | |
| Plaintiff and Respondent, | E075264 |
| v. | (Super.Ct.No. PSC1606343) |
| FEDERAL INSURANCE COMPANY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Craig Riemer, Judge. Reversed with directions.

Finch, Thornton & Baird, P. Randolph Finch, Jr., Jason R. Thornton, and Lindsey C. Herzik for Defendant and Appellant.

Law Offices of David L. Brault and David L. Brault for Plaintiff and Respondent.

1

Appellant Federal Insurance Company (Federal) was the prevailing party in a lawsuit Cell-Crete Corporation (Cell-Crete) brought seeking to recover against Federal on a payment bond. After dismissal, the trial judge, Riverside County Superior Court Judge Craig Riemer, denied Federal's request for attorney fees and taxed its costs on the ground that Federal did not incur any fees or costs because a third party, Granite Construction Company (Granite), paid the fees and costs of Federal's defense under an indemnity agreement between Federal and Granite.

Federal argues they are entitled, as the prevailing party, to recover their reasonable attorney fees and costs anyway. (Civ. Code, § 9564, subd. (c); Code Civ. Proc., §§ 1032, subd. (b), 1033.5 subd. (a)(10)(B).) They argue a party represented by counsel in an attorney-client relationship is entitled to an award of fees and costs even if they have been or will be borne by a third party. We agree and will therefore reverse the order denying Federal's motion for attorney fees and granting Cell-Crete's motion to tax costs and remand for further proceedings.

**I**

**FACTS**

A. *The Project and the Payment Bond*

In November 2013, Granite entered a written contract with the County of Riverside, agreeing to perform construction services on a project called the Airport Boulevard (Avenue 56) at Grapefruit Boulevard (Highway 111) and Union Pacific Railroad Grade Separation project in Thermal, California. In November 2014, Granite

and Cell-Crete agreed Cell-Crete would, as part of the project, furnish and install lightweight concrete and perform related work.

Granite, as principal, executed a payment bond under the terms of Civil Code section 9554 with Federal as surety for the project. As a condition for acting as surety, Federal required Granite to agree to defend Federal, indemnify them, and hold them harmless against any loss, cost, damage, or expense, "including court costs and attorneys' fees, which it shall at any time incur by reason of its execution and/or delivery of said bond or bonds or its payment of any claim or liability thereunder."

B. *The Arbitration Proceedings*

Disputes arose between Granite and Cell-Crete during construction of the project. Cell-Crete filed a demand for arbitration against Granite with the American Arbitration Association in December 2016. Cell-Crete sought $309,557.00 for work performed and delay costs. Federal was not a party to the arbitration. Granite retained the law firm of Finch, Thornton & Baird to represent them in the arbitration and countersued Cell-Crete.

The dispute was arbitrated over seven days starting on October 8 and ending on January 23, 2019. Both parties sought damages, attorney fees, and costs. The arbitrator awarded damages to both Granite and Cell-Crete, but the awards roughly cancelled out. Granite's award exceeded Cell-Crete's award by $130.82. The arbitrator declined to award attorney fees or costs to either party.

C. *The Superior Court Proceedings*

Cell-Crete had also filed a lawsuit against Granite in the Riverside County Superior Court the same month they filed the arbitration demand, and Granite again countersued.

Relevant to this appeal, in the superior court, Cell-Crete added Federal as a defendant and, in their second cause of action, sought to recover under the payment bond the same $309,557.00 they sought against Granite. Federal tendered its defense to Granite under the general indemnity agreement, and Granite hired Finch, Thornton & Baird to represent Federal and paid the fees related to Federal's defense.

The law firm's work for Federal included drafting and serving a motion to stay the case pending arbitration, a petition to confirm the arbitration award, demurrers, and a motion for summary adjudication. The firm also appeared on behalf of Federal at multiple hearings.

The trial judge stayed the superior court action while Granite and Cell-Crete arbitrated the causes of action not involving Federal. Afterward, Granite petitioned the trial judge to confirm the arbitration award, and the trial judge did so on December 26, 2019. After dismissal, Federal filed a motion for attorney fees and costs and a memorandum of costs. The law firm continued to represent Federal during postdismissal filings and drafted and filed Federal's opposition to Cell-Crete's motion to strike or tax costs and Federal's motion for attorney fees and costs. The law firm charged their usual attorney fee rates for these services.

4

D. *The Trial Judge's Attorney Fees and Costs Decision*

On June 9, 2020, the trial judge granted Federal's motion for attorney fees and costs, but only in part. The judge wrote the motion "is granted to the extent that it seeks a determination that Federal is the prevailing party on the action on the payment bond." The judge recognized "[a]s the prevailing party, Federal is entitled to recover its costs, including attorney fees as authorized by Civil Code section 9564." However, he also found "Federal incurred no such expenses. Instead, all such costs and fees were borne by Granite" and concluded "[h]aving paid nothing in fees and costs, Federal has suffered no loss, and thus may not collect any compensation for the non-existent loss." The trial judge then granted Cell-Crete's motion to tax costs "because Federal is seeking to recover compensation for costs it did not incur."[1]

Federal filed a timely notice of appeal.

## II

## ANALYSIS

Federal argue that, as the prevailing party, they are entitled to recover costs and attorney fees, whether or not they avoided paying them directly under the terms of an indemnity agreement. Since the trial judge found they were the prevailing party and Cell-Crete doesn't challenge that finding on appeal, we are concerned only with the question whether the trial judge erred by denying attorney fees and costs because Federal didn't have to pay them. We review these issues de novo because they involve resolution of

---

[1] The judge allowed Federal to recover $610 in costs that Cell-Crete did not challenge.

questions of law and statutory interpretation, not disputes over facts. (*Litt v. Eisenhower Medical Center* (2015) 237 Cal.App.4th 1217, 1221 (*Litt*).)

A. *Costs*

Federal argue the trial judge erred in denying costs under the plain language of Code of Civil Procedure section 1032, subdivision (b), which says a prevailing party is "entitled as a matter of right to recover costs in any action or proceeding" and Code of Civil Procedure section 1033.5, subdivision (c)(1), which explains "[c]osts are allowable if incurred, whether or not paid." We agree.

Division One of our District answered this question in *Litt*, where the trial judge denied costs and expert fees to one party on the basis that another party "actually incurred and/or paid those costs and expert fees through an indemnification provision." (*Litt*, *supra*, 237 Cal.App.4th at p. 1222.) The Court of Appeal concluded "the actual payor is irrelevant," reversed the order striking costs and expert witness fees and remanded to the trial judge for a determination whether the fees and costs requested were reasonable.

As the Court of Appeal explained, "Under the code's cost-shifting provisions, there is 'no requirement that a party claiming costs must have personally incurred the obligations enumerated in the memorandum.'" (*Litt*, *supra*, 237 Cal.App.4th at p. 1222.) What is important, the court held, is that "'Defendants incurred legal liability to pay the costs of the litigation even though some other party may have agreed to reimburse them or to pay all the expenses of the litigation.'" (*Ibid.*, quoting *Ceranski v. Muensch* (1943) 60 Cal.App.2d 751, 754.)

6

Such is the case here. Federal incurred the legal liability to pay the litigation costs even though Granite agreed to indemnify them for their expenses. (*Litt*, *supra*, 237 Cal.App.4th at p. 1223.) We see no reason to depart from the plain meaning of the statute or the construction given it by our sister court. We will therefore reverse the trial judge's order granting Cell-Crete's motion to tax costs and remand for further proceedings.

*B. Attorney Fees*

Regarding attorney fees, Federal argue the plain language of Civil Code section 9564, subdivision (c) (section 9564(c)) requires an attorney fee award to the prevailing party in an action to enforce the liability on a payment bond and does so without condition. Again, we agree.

Unlike in the case of costs, there's no separate statute specifying it doesn't matter whether the prevailing party paid the litigation expenses. However, we conclude there's no need to add that belt to the suspenders of section 9564(c). The general rule with respect to fee-shifting statutes is that the trial judge must award reasonable attorney fees to the prevailing party regardless whether the prevailing party ultimately is responsible to pay the fees.

The statute makes it clear that general rule applies here. It specifically allows a claimant to "maintain an action to enforce the liability of a surety on a payment bond." (Civ. Code, § 9564, subd (a).) It then specifies "[i]n an action to enforce liability on the bond, the court *shall* award the prevailing party a reasonable attorney's fee." (Civ. Code, § 9564, subd. (c), italics added.) There's no requirement in the statute that the prevailing

7

party, to recover a reasonable attorney fee, must have incurred the fees, much less that they are ultimately on the hook to pay such fees. We therefore see no basis for the trial judge to have inquired into whether Federal actually paid for its defense under its indemnity agreement with Granite. It was error to engraft a requirement the Legislature did not include.

In addition, as our Supreme Court explained in *Lolley v. Campbell* (2002) 28 Cal.4th 367 (*Lolley*), in general, "'"awards of attorneys" fees where otherwise authorized are not obviated by the fact that individual plaintiffs are not obligated to compensate their counsel.'" (*Id.* at p. 373, quoting *Ed A. Wilson, Inc. v. General Services Admin.* (Fed.Cir. 1997) 126 F.3d 1406, 1409.) Instead, as they explained, "California courts have routinely awarded fees to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship, although the party did not have a personal obligation to pay for such services out of his or her own assets." (*Lolley*, at p. 373.)

There are numerous circumstances under which a party to litigation, though represented by counsel, may be relieved from an obligation to pay their attorneys. Sometimes, as in *Lolley*, the government agrees to provide representation for a claimant who can't afford to pursue their claims. (*Lolley*, *supra*, 28 Cal.4th at p. 372; see also *id.* at p. 375.) Sometimes charitable organizations do the same. (*Id.* at pp. 373, 375.) In other cases, a corporation is represented by in-house counsel who perform their work as employees of the party. (*Id.* at p. 374.) And, as we've seen in *Litt*, as well as in this case,

sometimes one party agrees to take on the expenses associated with the defense of another party in an indemnity agreement. (*Litt*, *supra*, 237 Cal.App.4th at p. 1222.) When a fee-shifting statutory provision allows the award of attorney fees to the prevailing party in any of these circumstances, that party may receive fees to compensate for legal work performed on behalf of the party where the attorney and the party have entered an attorney-client relationship. (*Lolley*, at p. 374.)

In this case, the law firm had an attorney-client relationship with Federal and represented them by preparing a motion to stay the case pending arbitration, a petition to confirm the arbitration award, demurrers, and a motion for summary adjudication. The firm also appeared on behalf of Federal at multiple hearings. Federal incurred the legal liability to pay for this representation and are entitled under section 9564(c) as the prevailing party to seek a reasonable attorney fee for work the attorneys provided as part of carrying out their attorney-client relationship.

Cell-Crete objects Federal never *incurred* attorney fee expenses because Granite stepped in to supply their defense from the beginning. As the *Lolley* court explained, "it has been generally agreed that a party may 'incur' attorney fees even if the party is not personally obligated to pay such fees. 'A party's entitlement to fees is not affected by the fact that the attorneys for whom fees are being claimed were funded by governmental or charitable sources or agreed to represent the party without charge.' [Citation.] . . . [C]ourts have awarded attorney fees under fee-shifting statutes that apply when fees are 'incurred' when the party seeking fees was represented by a legal services organization or

9

counsel appearing pro bono publico; 'attorney fees are incurred by a litigant 'if they are incurred in his behalf, even though he does not pay them.'"" (*Lolley*, *supra*, 28 Cal.4th at p. 373.) Thus, Federal did *incur* attorney fee expenses in the relevant sense, contrary to the conclusion of the trial judge. But also, the point is not as important under section 9564(c) because, unlike the fee-shifting provision at issue in *Lolley*, this fee-shifting provision simply mandates that the court award a reasonable attorney fee to the prevailing party and says nothing at all about whether such costs were "incurred."

Cell-Crete suggests Federal will be obligated to pay any attorney fees it receives as the prevailing party to Granite, who actually paid the fees. That issue is not properly before us, but we would not be dissuaded from our interpretation should it turn out to be true, whether the obligation arose under the law or under the terms of the general indemnity agreement between the parties. In *Lolley*, the Supreme Court noted "[t]he right of a party to seek an award of statutory attorney fees is not equivalent to a right to retain such fees." (*Lolley*, *supra*, 28 Cal.4th at p. 373, fn.2.) So long as the fee award is limited to attorney fees incurred defending Federal against the cause of action Cell-Crete brought against them in the superior court, the award will do the work the Legislature intended by directing the courts to award fees to prevailing parties. (See, *id.* at p. 376.)

# III

## DISPOSITION

We reverse the order denying Federal's motion for attorney fees and granting Cell-Crete's motion to tax costs and remand for a determination whether the fees and costs requested were reasonable. Respondent shall pay costs on appeal.

CERTIFIED FOR PUBLICATION

SLOUGH _____
                    J.

We concur:


RAMIREZ _____
                P. J.

FIELDS _____
                    J.